[Civ. No. 562.    Second Appellate District.—August 31, 1908.]

CALIFORNIA FRUIT GROWERS' ASSOCIATION OF LOS ANGELES, and RIALTO LAND AND WATER COMPANY, Corporations, Petitioners, v. SUPERIOR COURT OF LOS ANGELES COUNTY, and FRED D. GRIFFITH, Receiver.

PROHIBITION—EQUITY POWER—REMOVING DIRECTORS OF CORPORATION—FRAUD—ABANDONMENT OF TRUST—ORDER FOR RECEIVER—ORDER OF SALE—REMEDY BY APPEAL.—A court of equity has power to remove the directors of a corporation for fraudulent practices, and when they have abandoned their trust, may make an *ex parte* order appointing a receiver to preserve its assets; and, when circumstances arise requiring it, may order the assets to be sold. Each of such orders is appealable, and prohibition will not lie to restrain proceedings under either order.

PETITION for Writ of Prohibition directed to the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

Richardson & Martin, for Petitioners.

John D. Works, A. A. Hancock, and T. R. Archer, for Respondents.

THE COURT.—This is an application for a writ to restrain the court and its receiver from selling certain personal

property belonging to said Fruit Growers' Association. The petition for the writ sets out all of the proceedings connected with the original appointment of the receiver, from which it appears that the association is a corporation organized under law, governed by a board of five directors; that these directors had all been guilty of fraudulent practices, and the majority of the board was then confined in jail, and each and all of the directors had abandoned the corporation and its assets and interests; that all of the stock other than that owned by the plaintiffs in that proceeding was fraudulently issued, but was outstanding, and certain of the directors claimed to own and hold the same.

The special and general prayer of the complaint comprehends the removal of the directors, and if the court finds the stock fraudulently issued to cancel the same, and for the appointment of a receiver pending the action to preserve the property of the corporation. The court had jurisdiction to appoint a receiver under the allegations of the complaint. The proceeding was not directed toward closing up the affairs of the corporation, or an attempt to dissolve the same, but merely a proceeding directed against the individual directors, whom it sought to remove, and to place the assets of the corporation in safe hands. That a court of equity may remove directors of a corporation if deemed necessary when they have proven unfaithful is determined in *Wickersham* v. *Crittenden,* 93 Cal. 32, [28 Pac. 788]. Such an order appointing a receiver is an appealable order, and which right of appeal confers an adequate remedy, and prohibition will not lie, even where jurisdiction does not exist. (*Jacobs* v. *Superior Court,* 133 Cal. 364, [85 Am. St. Rep. 204, 65 Pac. 826].)

It must follow that where the unfaithful trustees have all abandoned their trust, that pending such proceedings for their removal the court may, through the agency of a receiver, take charge of the property of the corporation, if necessary for its preservation. The facts alleged were such as to develop the impracticability of affecting the removal of the trustees through the provisions of section 310, Civil Code, for until the validity of the outstanding stock was determined it would not be possible for the stockholders to correct the evils through the provisions relating to the removal and election of directors as in that section provided. The appoint-

ment of a receiver may be made *ex parte*. (Code Civ. Proc., sec. 565; *Real Estate Associates* v. *San Francisco*, 60 Cal. 227.)

While the object of the appointment of the receiver was originally to preserve the property of the corporation, still circumstances might arise which would involve the necessity for a sale of a portion thereof as one of the means of preserving to the corporation its interests, as where charges and expenses of care would absorb the property, or where it was likely to become valueless by reason of its perishable nature, or other attendant circumstances which might require the same. An order for such sale would be so far independent of suit itself as to make the order therefor substantially a final decree for the purpose of an appeal. (*Los Angeles* v. *Los Angeles City Water Co.*, 134 Cal. 123, [66 Pac. 198].)

An appeal lying from such an order, there can be no need of a writ of prohibition, and it will not lie. (*Grant* v. *Superior Court*, 106 Cal. 326, [39 Pac. 604].) The petition for this writ then shows upon its face that the order for the appointment of a receiver was within the jurisdiction of the court, and if the order of the court authorizing the sale of part of the property pending hearing was improvidently made, an appeal therefrom could be had. The petition does not state facts entitling the petitioner to a writ of prohibition, and the demurrer of respondents is well taken. An order will be entered sustaining the demurrer of respondents to the petition for the writ, and dismissing the writ.