[Civ. No. 1316. Third Appellate District.—March 20, 1915.]

## HENRY COWELL LIME & CEMENT CO. (a Corporation), Appellant, v. FRED H. FIGEL et al., Respondents.

APPEALS—ATTACHMENT—APPLICATION TO SELL PROPERTY—NONAPPEAL-ABLE ORDER.—An order denying an application for the sale of per-ishable personal property which has been seized by the sheriff under a writ of attachment is nonappealable, and the district court of appeal is without jurisdiction to entertain an attempted appeal from such order.

ID.—CONSTRUCTION OF SECTIONS 547 AND 548 CODE CIVIL PROCEDURE.—Although section 547 of the Code of Civil Procedure makes it the duty of the sheriff, without an order from the court or judge, to sell property of a perishable character, which has been levied upon and seized by him under a writ of attachment, and that officer could, if he failed in that duty, be compelled by proper process to perform it, yet it is doubtless the correct practice for the parties to proceed, if they so desire, under section 548 of said code, in a case where the property attached may be shown to be of a perishable nature and upon such showing be entitled to an order directing its sale, since, obviously, the sale of property of that character would cer-tainly be to subserve the interest of the parties to the action. But, in providing the mode sanctioned by section 548 for procuring the sale of attached property in cases where it may be shown that such sale will subserve the interest of the parties to the action, the legis-lature seems to have conceived it to be proper to make the decision of the trial court or judge upon the question of the propriety of ordering such sale final and conclusive, for no appeal from such an order had been provided for.

APPEAL from an order of the Superior Court of Santa Clara County denying an application for the sale of personal property under attachment.  John E. Richards, Judge.

The facts are stated in the opinion of the court.

Mastick & Partridge, for Appellant.

Beggs & McComish, and Arthur M. Free, for Respondents.

HART, J.—The court below denied the motion of the plaintiff for an order directing the sale, by virtue of the provisions of section 547 of the Code of Civil Procedure, of certain personal property, which the sheriff had levied upon and seized under a writ of attachment issued in this action.

This appeal is from the order denying the application for the sale of the property.

The motion was made upon the affidavit by one of the attorneys for the plaintiff and upon the testimony of eleven witnesses taken and heard on behalf of the plaintiff. No part of the testimony so taken is presented in the record on this appeal.

The affidavit above mentioned states, however, that a writ of attachment was "duly and regularly issued in the above-entitled cause," and the same delivered to the sheriff of Santa Clara County; that, thereupon, said sheriff "duly and regularly levied said attachment upon certain goods situated in a certain warehouse . . . ; that said goods, wares and merchandise, among other things, consist of certain cement . . . and certain lime and plaster; that the said cement is in sacks in said warehouse and that said cement is perishable in this, that when said cement is kept in sacks, the cement absorbs moisture from the air and becomes hard and unfit for use; . . . ; that said lime is in sacks in said warehouse, and that when the same is kept in sacks for any considerable length of time, the same slakes and becomes unfit for use and that, therefore, all of said cement, lime and plaster is perishable property."

The following facts were admitted at the hearing. That the plaintiff commenced this action on the thirty-first day of March, 1911, and, on the same day, the sheriff levied a writ of attachment upon 1616 sacks of Mt. Diablo cement which were stored in the warehouse of the defendant, Figel; that said Figel was a dealer in lime and cement in the city of San Jose, and maintained said warehouse, to which his patrons had access and in which were stored "at the time herein mentioned" various bags of cement belonging to other persons, the patrons of said Figel; that, previous to the issuance and levy of said writ of attachment, the county of Santa Clara

had purchased from the said Figel 1138 sacks of the said Mt, Diablo cement, "and, at the time of the levy of said attachment, the said last named sacks of cement had been segregated from the remainder thereof and that there had been placed thereon a placard bearing the words, 'Property of the County of Santa Clara.' "

It appears that one of the issues presented at the hearing of the motion was whether the purported sale of certain of the cement levied upon by the sheriff to the county of Santa Clara constituted an actual sale, or a sale that would stand as against the creditors of the vendor, it being made to appear that, although the county of Santa Clara claimed to have purchased said cement and had it segregated or set apart from other lots of cement contained in the warehouse of the defendant, Figel, said lot of cement so purchased remained in said warehouse and was never removed therefrom by the purchaser. (Civ. Code, sec. 3440.)  And this is the only question discussed in the opening brief of counsel for the plaintiff, their contention being that the admitted facts show that there was no actual and immediate delivery of the cement by the vendor to the vendee, followed by an actual and continued change of possession thereof.

Counsel for Figel, in their reply brief, besides urging the contention that the facts disclose an immediate delivery, followed by an actual and continued change of the possession of the cement, make the further point that the appellant is not a person entitled to challenge the transfer.  But, in their oral argument, which has been printed and filed herein in the form of a brief, they, for the first time, raise the point that the order from which this appeal is taken is not appealable.  This proposition appears to be sound, and this court is, therefore, without jurisdiction to entertain this appeal.

The proceeding in which the order appealed from was made is based upon section 548 of the Code of Civil Procedure, which, in part, provides: "Whenever property has been taken by an officer under a writ of attachment, and it is made to appear satisfactorily to the court or a judge thereof that the interest of the parties to the action will be subserved by a sale thereof, the court or judge may order such property to be sold in the same manner as property is sold under an execution, and the proceeds to be deposited in the court to abide the judgment in the action."

Although section 547 of the same code makes it the duty of the sheriff, without an order from the court or judge, to sell property of a perishable character, which has been levied upon and seized by him under a writ of attachment, and that officer could, if he failed in that duty, be compelled by proper process to perform it, yet it is doubtless the correct practice for the parties to proceed, if they so desire, under section 548 in a case where the property attached may be shown to be of a perishable nature and upon such showing be entitled to an order directing its sale, since, obviously, the sale of property of that character would certainly be to subserve the interest of the parties to the action. But, in providing the mode sanctioned by section 548 for procuring the sale of attached property in cases where it may be shown that such sale will subserve the interest of the parties to the action, the legislature seems to have conceived it to be proper to make the decision of the trial court or judge upon the question of the propriety of ordering such sale final and conclusive, for no appeal from such an order has been provided for.

The order appealed from here was made before final judgment, and, indeed, it is not one which it is contemplated should be made after final judgment, for, if the plaintiff should prevail in the action, the property attached, if not already sold by the sheriff, would necessarily have to be sold to satisfy the judgment; and, on the other hand, if the defendant should prevail in the action, then there would be no necessity and, indeed, no authority for the sale of the property. And the order is not among the appealable orders enumerated in section 939 of the Code of Civil Procedure. It certainly cannot be treated or regarded as a final judgment in the sense that an appeal will lie therefrom, for the proceeding in which it is applied for and made is merely ancillary to or in aid of the main relief sought to be enforced in an action for the recovery of a money judgment. It is merely a summary proceeding designed for the preservation of the efficacy of the attachment, and in authorizing it the legislature proceeded upon the theory that the court or judge below will adopt such a course in such case as will make the lien of the attachment effective in the event that its enforcement becomes necessary.

It may be remarked that the manifest inutility of an appeal from such an order when made in a proceeding involving, as here (according to the allegations of the plaintiff's affidavit), property of a perishable nature would be a sufficient reason for the denial by the legislature of an appeal from such order; for, obviously, in such case, the questions involved would become moot long before the appeal could be heard and disposed of because of the destruction, practically, of the subject-matter of the controversy.

However, the right of appeal is statutory, and where, as is plainly true here, no appeal is expressly authorized in any case, then, obviously, none will lie therein.

The appeal from the order is dismissed.

Chipman, P. J., and Burnett, J., concurred.