[Civ. No. 6044.  Second Appellate District, Division Two.—July 17, 1928.]

J. B. MELICK, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Stanley Pedder and Frankley & Spray for Petitioner.

Raymond B. Wells and Hiram E. Casey for Respondents.

WORKS, P. ▆▆▆ This is a proceeding for a writ of prohibition. It appears from the petition upon which the alternative writ was issued that an action was commenced in respondent court by respondent Kelley against five defendants, two of whom were one J. H. Cochran and the petitioner here, J. B. Melick; that summons and complaints therein were served upon Cochran, but that no service was ever made upon petitioner, nor were any steps ever taken to procure a publication of summons as to him, nor did he ever appear in the action; that a writ of attachment issued in the action by virtue of which the sheriff attached certain property, and that petitioner is, and at all times mentioned in his petition was, the sole owner of the property thus seized; that thereafter Cochran, and he only, was served with a notice of motion for an immediate sale of the property attached, and that such proceedings were thereafter had that the motion was granted and an immediate sale was ordered. The writ of prohibition is sought for the purpose of preventing the sale. Respondent Kelley made return to the petition by answer and by general demurrer, but at the oral argument the answer was withdrawn and respondent Kelley stood upon the demurrer. There are no other appearances, but no point is made because of the failure of respondent court to appear. The appearance of respondent Kelley will therefore be considered as if it had been made by respondent court.

▆▆▆ Section 548 of the Code of Civil Procedure, under which the order for an immediate sale was made, provides in part: "Such order can be made only (1) after notice to the adverse party or his attorney in case such party has been personally served with a summons in the action, or (2) after an order of service of summons by publication has been made." The first point to be determined by us is whether respondent court had jurisdiction to order the

immediate sale of petitioner's property. In other words, is the section of the code satisfied by notice to one defendant, not the owner of attached property, where more than one are sued and where a defendant other than the one served with notice is the owner?

We need not decide whether the language of the statute providing for notice "to the adverse party" operates as a mandate requiring notice to all defendants in an action in which more than one are sued and served with process, for the contention now before us is satisfied by a determination of the question whether the notice is sufficient if given to a defendant who is not the owner of the property seized. It will be observed that under the statement of facts above made, in the light of the statute, notice to petitioner was not legally possible. Our attention is directed to no authority upon the question before us, and apparently none exists. The mere statement of the question, however, seems to carry an answer to it. While no insinuation is made that such a state of affairs exists here, the perpetration of gross frauds would be invited under a construction of section 548 which would admit of an immediate sale upon mere notice to a defendant having no interest in the attached property. This is so apparent that the specific means whereby such frauds could be committed need not be pointed out. It cannot be believed that the legislature intended to hold out such a temptation to unfair dealing. ■ We cannot escape the view that the legislative intent was that notice should be given the defendant or defendants who own the property attached in a given case, provided they come within the language of the statute requiring service or publication. We think "the adverse party" mentioned in the section is such a defendant, or such defendants. Indeed, respondent Kelley seems to concede this point, for he says in his brief: "It is plainly evident that the 'adverse party' referred to in the foregoing code provision means the party who would be adversely affected by the sale of the attached property, and not necessarily all of the defendants."

■ But respondent Kelley follows this concession with several contentions in which we cannot follow him. He makes the point, for instance, although half-heartedly, that the petition before us does not show that the attached property belongs to petitioner, despite the positive al-

legation therein that it does. We term his contention half-hearted because he asserts that certain matters appearing in an exhibit attached to the petition, to which we shall refer more specifically in a moment, "leave considerable doubt as to whether the property in question was the property of Melick, of Cochran or of 'the defendants.'" The exhibit to which we allude is a copy of an affidavit filed by Cochran with respondent court, for he appeared in response to the notice of motion served upon him and objected to the making of the order for an immediate sale of the attached property. The property seized by the sheriff consists of certain oil-well equipment, including an oil derrick, and at the time of the levy of the attachment it was actually in use in the putting down of an oil-well. The affidavit of Cochran contains statements to the effect that "affiant is now engaged in the drilling" of the well, "that affiant has expended approximately $40,000 in the drilling of said well to its present depth," that if the attached property were sold at once "the lease of affiant and defendants" on the oil-well property would be canceled, "that if the derrick referred to on affiant's property is sold" certain stated consequences would follow, "that at the time affiant purchased the [attached] property from said plaintiff" certain terms were given, "and that at said time, affiant signed a conditional sales contract." It is clear to us under well-known rules of pleading that these statements in Cochran's affidavit, assuming for the sake of argument that they amount to assertions by Cochran that he has an interest in the attached property, can neither control nor affect the positive allegation by petitioner in his petition that he is and was at all times which are of interest here the owner of it. The statements of Cochran are not adopted in the petition, and his affidavit accompanies the pleading as an exhibit only for the purpose of showing the chain of proceedings leading to the order for an immediate sale of the attached property.

It is insisted by respondent Kelley that petitioner has a plain, speedy, and adequate remedy at law, and that therefore he cannot be awarded relief under the writ of prohibition. The argument upon this contention is divided into several branches. The point is first that petitioner could have had the attached property released by giving the undertaking contemplated by section 554 of the Code of

Civil Procedure, but the contention fails because of the positive language of the section. The enactment provides that ''Whenever any defendant has appeared in the action, such defendant may upon reasonable notice to the plaintiff'' apply for a discharge of an attachment upon giving the undertaking mentioned in the section and in section 555. It has already been seen that petitioner has never appeared in the action in which the attachment was levied upon his property.

Respondent Kelley next contends that petitioner had an adequate remedy at law by motion in respondent court to set aside the order requiring an immediate sale. This point is not argued. Counsel content themselves with brief quotations from several authorities in support of it. One of these quotations relates to the proposition that we must assume that, if petitioner made such a motion, respondent court would decide the motion correctly. There is such a rule, beyond a doubt. One quotation is to the effect that prohibition will not lie to correct mere error. This well-known rule has no application here, for the question before us is whether respondent court could order an immediate sale of petitioner's property without taking the jurisdictional steps required by the section of the code under which the order was attempted to be made. Two of the quotations are to the effect that prohibition will not lie to correct an excess of jurisdiction unless the point relied on has been made in the tribunal whose jurisdiction is sought to be assailed. This is the general rule, no doubt, but there are notable exceptions to it, and we think the present proceeding comes within the exceptions and not within the rule. So much seems to have been decided in *Grinbaum* v. *Superior Court*, 192 Cal. 528 [221 Pac. 635], a proceeding for a writ of review, in which it was contended that the petitioner had an adequate remedy at law by motion in the respondent court. In discussing this point the supreme court said:

''As to the petitioner's second suggested remedy, viz., that of a motion to set aside such void order in the court making the same; in response to this suggestion it may be stated that it has never been the practice to require a party injuriously affected by a judgment or order of a court, which court had never acquired jurisdiction over either his

person or property to make the same, to first apply to the court making said order to have the same vacated; nor should it be so in reason, since to apply such a rule would be to require such a party to submit himself to the jurisdiction of the court making such void order and thus commit himself thenceforward to the tender mercy of the court making the same. We are cited to no authority which goes so far as to hold that a person having a clear right to make a direct attack by *certiorari* upon a judgment or order of a judicial tribunal upon the ground of lack of jurisdiction must first seek relief from such judgment or order in the court which was without jurisdiction to make or enter the same. The cases of *Rwe* v. *Quinn*, 137 Cal. 651 [66 Pac. 216, 7 Pac. 732], *People* v. *Davis*, 143 Cal. 673 [77 Pac. 651], and *Benning* v. *Superior Court*, 34 Cal. App. 296 [167 Pac. 291], go no further than to hold that a party affected by an order of a court, void upon its face, may apply to the court making the same, to have it vacated, but do not hold that such party is obliged to do so before applying for a writ of review. On the other hand, in the case of *Havemeyer* v. *Superior Court*, 84 Cal. 327 [18 Am. St. Rep. 192, 10 L. R. A. 627, 24 Pac. 121], which arose on application for a writ of prohibition, this court, after an exhaustive consideration of the subject, said (page 405): 'If a want of jurisdiction is apparent on the face of the proceeding in the lower court, no plea or preliminary objection *is necessary* before suing out the writ of prohibition.' This we think to be the true and reasonable rule applicable to cases of this character.''

█ Respondent Kelley insists that petitioner may not have the writ of prohibition because he may have relief by means of the writ of review, the order made by respondent court not being appealable (*Henry Cowell Lime & C. Co.* v. *Figel*, 27 Cal. App. 11 [148 Pac. 796]). Granting that the right to the writ of review will bar the right to prohibition if a proceeding of the latter nature is invoked to accomplish a purpose which can be attained by a proceeding for review, no such situation is presented here. If petitioner had sought the writ of review his resort to that remedy could have been for no other purpose than to annul the order of respondent court of which he now complains. Such is the end only which can be reached by that proceeding. █ Moreover, on review

the record upon which an assailed order is made is the only basis upon which it is to be determined whether the order is to be annulled. ██ Here petitioner seeks to prevent the carrying out of the order for an immediate sale of his property. That relief is asked upon the allegation in his petition that he is the sole owner of the property, a fact which nowhere appears in the record leading to the order. It is manifest that in this instance review would not merely be no adequate remedy. It would afford petitioner no remedy at all.

Demurrer overruled. A peremptory writ of prohibition will issue.

Craig, J., and Thompson, J., concurred.