[Civ. No. 22278.   Second Dist., Div. Two.   Apr. 16, 1957.]

JAMES P. CANTILLON, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Cantillon & Cantillon and R. Michael Cantillon for Petitioner.

Harold W. Kennedy, County Counsel, William E. Lamoreaux, Assistant County Counsel, and Thomas H. Carver, Deputy County Counsel, for Respondent.

RICHARDS, J. pro tem.*—This petition to review an adjudication of contempt made in connection with a pre-trial proceeding before the respondent court challenges the power of that court to make a finding of contempt based on a violation of rule 8.2, Rules for the Superior Courts.

■ It is a matter of common knowledge that court congestion in many areas throughout the United States has resulted frequently in a virtual denial of justice and is a matter of grave concern to the bench, the bar, and to the public.

■ It is equally well known that a system of pretrial conferences as a means of expediting litigation has been effectuated in the federal courts and in many of the state courts and, for several years, has been the subject of study and experimentation in this state.

In 1949, by Assembly Concurrent Resolution 92 (Stats. 1949 p. 3406), the Legislature requested the Judicial Council to study pre-trial practice and procedure. There followed an extensive study (Judicial Council 15th Biennial Report, pp. 13 et seq.) resulting in a recommendation by the Judicial Council to the Legislature that there be adopted an effective pre-trial system in California, through rules to be promulgated by the Judicial Council. Thereafter section 575 of the Code of Civil Procedure was enacted (Stats. 1955, p. 1130) providing that "The Judicial Council may promulgate rules governing pretrial conferences, and the time, manner and nature thereof, in civil cases at issue, or in one or more classes thereof, in the superior courts and in the municipal courts." Pursuant to this legislative mandate, the Judicial Council made further study of appropriate rules for pre-trial procedure and submitted tentative rules for consideration and discussion to members of the bar and to the governing officials of the State Bar of California. The necessity for sanctions to insure the effectiveness of pretrial proceedings was a matter of prime consideration and it was determined by the Judicial Council that unless compliance with such rules by attorneys was made compulsory, the pretrial system could not attain its desired objectives. On September 19, 1956, "[w]ith full cooperation of the State Bar of California and in direct concert with its Board of Governors" (California Manual of Pre-trial Procedure, p. 9), rules relating to pre-trial conferences were adopted by the Judicial Council, effective January 1, 1957. (Rules 8 to 8.12, Rules for the Superior Courts.)

*Assigned by Chairman of Judicial Council.

■ Article VI, section 1a, of the California Constitution, creates a Judicial Council and vests in it the power to "Adopt or amend rules of practice and procedure for the several courts not inconsistent with laws that are now or that may hereafter be in force." Under this constitutional grant of power, it is well settled that the rules of practice and procedure adopted by the Judicial Council, including such rules as have been adopted under specific statutory mandate, and which do not transcend legislative enactments, have the force of positive law. (*Helbush* v. *Helbush*, 209 Cal. 758 [290 P. 18]; *Lane* v. *Superior Court*, 104 Cal.App. 340 [285 P. 860]; *Isenberg* v. *Superior Court*, 39 Cal.App.2d 106 [102 P.2d 552]; *Kuhn* v. *Ferry & Hensler*, 87 Cal.App.2d 812 [197 P.2d 792].)

■ The duties of attorneys in respect to pretrial conferences are set forth in rule 8.2[1] which requires the attendance at the conference by counsel, if any, who shall have a thorough knowledge of the case and be prepared to discuss it. Manifestly, there can be no pre-trial conference without conferees, and no effective pre-trial conference without participation predicated on preparation. This rule of practice and procedure duly adopted by the Judicial Council is not inconsistent with any statutory law and therefore has the force of law as it applies to the duties of attorneys to prepare for, attend, and participate in a pre-trial conference. ■ It is a well-recognized principle that courts have inherent power to enforce the effective conduct of judicial proceedings in order to insure orderly administration of justice (*People* v. *Kerrigan*, 73 Cal. 222 [14 P. 849]; *Hays* v. *Superior Court*, 16 Cal.2d 260 [105 P.2d 975]), and the Legislature has codified this principle by granting power to every court to provide for the orderly conduct of proceedings before it (Code Civ. Proc., § 128, subd. 3). ■ An inexcusable failure to comply with the rules or orders made by a court pertaining to the orderly

---

[1]"Each party appearing in any case shall attend the pretrial conference by counsel, or if none, in person, and shall have a thorough knowledge of the case, be prepared to discuss it and to make stipulations or admissions where appropriate. They shall confer before the date assigned for this conference to reach agreement upon as many matters as possible. They shall prepare jointly, or each shall prepare, and submit to the pretrial conference judge at or before the conference, a written statement of the matters agreed upon. Each shall be prepared to state orally the factual and legal contentions to be made as to the issues remaining in dispute. Each shall complete his depositions, inspection of writings and other discovery proceedings, and physical examinations, before the pretrial conference." (Rules for the Superior Courts, Rule 8.2.)

conduct of judicial proceedings before it constitutes an unlawful interference with the proceedings of the court (Code Civ. Proc., § 1209, subd. 8), and by appropriate proceedings is punishable as a contempt of the authority of the court *(Lyons v. Superior Court,* 43 Cal.2d 755 [278 P.2d 681]).     A rule of procedure adopted by the Judicial Council within its constitutional or statutory grant of power for the conduct of a judicial proceeding before a court is a rule of the court within the purview of Code of Civil Procedure, section 128, subdivision 3, and we conclude that an inexcusable failure of an attorney to prepare for, appear at, and participate in a pretrial conference is, by appropriate proceedings, subject to the punitive power of the court.

The contention is here made that rule 8.9,[2] Rules for the Superior Courts, constitutes an attempt by the Judicial Council to legislate in the field of substantive law, in that said rule designates certain acts or omissions as contempts of court, and is therefore an unconstitutional encroachment upon the power of the Legislature. With this contention we cannot agree. Section 1209 of the Code of Civil Procedure, except subdivision 8 thereof, defines with some particularity various types of acts or omissions which constitute contempts of the authority of the court. However, subdivision 8, by its terms, embraces any other acts not otherwise described which result in the unlawful interference with the process or proceedings of a court. Manifestly, a specific enumeration of every act or omission which may unlawfully interfere with the proceedings of the court is impractical, if not impossible, and the clear purpose of the foregoing subdivision is to include within the definition of contempt, acts or omissions not previously specified but which in fact result in an unlawful interference with the proceedings of the court. Rule 8.9 delineates certain omissions by an attorney as constituting an unlawful interference with the proceedings of the court in a pre-trial conference and does not attempt to define any new or distinct act of contempt and, in our opinion, is not an encroachment upon the legislative authority to enact substantive law, which conclusion answers petitioner's further contention that rule

[2]"Any failure of an attorney to prepare for, appear at, or participate in, a pre-trial conference, unless good cause is shown for any such failure, is an unlawful interference with the proceedings of the court; and in addition the court may impose costs, actual expenses, counsel fees, or any or all thereof, arising therefrom." (Rules for the Superior Courts, Rule 8.9.)

8.9 attempts to trench upon a field of law already preempted by the Legislature.

In the instant matter, a pre-trial conference was held in connection with a civil case pending in the respondent court and the pre-trial conference judge made an order which, after reciting the names of the counsel appearing (not including the petitioner herein) and the holding of the pre-trial conference, set forth that the following action was taken:

"It appears to the Court in this Matter that the office of Cantillon & Cantillon have neither prepared for pre-trial nor have they conferred with either counsel for plaintiff or counsel for the defendant Foster prior to pre-trial as required; that Mr. McDonough, who is appearing here this morning, is not the lawyer in the Cantillon office who is familiar with this matter, he having advised the Court that he just read the pleadings and that Mr. James Cantillon is the lawyer who is familiar with this matter, and that he, Mr. McDonough, is not familiar with the facts or the law of the case and is without adequate knowledge or authority to proceed. Counsel for plaintiff and counsel for the defendant Foster advise the court that they have not been able to make arrangements with the Cantillon office for pre-pretrial conferences, and that their telephone calls have not been answered. The matter obviously is not ready for pre-trial hearing.

"By reason of the foregoing, i.e., the failure of the Cantillon office to have any pre-pretrial conferences, prepare for pre-trial, have a lawyer represent their office at this pre-trial hearing prepared to proceed, the Court therefore finds that the office of Cantillon & Cantillon has violated Rule 8.2 of the Pre-Trial Rules, and by reason thereof violated Rule 8.9, and has thereby committed an unlawful interference with the proceedings of this Court, and that Cantillon & Cantillon therefore are in contempt of Court.

"No good cause having been shown by the office of Cantillon & Cantillon for the above violations of the rules of pre-trial procedure, they are directed to pay a fine in the sum of $100 within twenty-four hours from this date in the hands of the Clerk of this Court for such violation."

Rule 8.9 specifically provides that it is the failure of "an attorney" to appear at the pre-trial conference which constitutes the unlawful interference and not the failure of a firm or association of attorneys; and although the order made herein recites that Mr. James Cantillon is the attorney who is familiar with the case, the order does not find that Mr. James Can-

tillon committed an unlawful interference with the proceedings of the court but that such interference was committed by "the office of Cantillon & Cantillon."

██ Criminal contempts consisting of acts done in disrespect of the authority of a court are necessarily acts or omissions committed by an individual or individuals as distinguished from acts or omissions committed by the firm or association of which the individuals are members, and we know of no authority by which the court may impose a fine upon a firm or association for a personal contempt committed by a member of such firm or association.

Inasmuch as we are compelled to annul the particular order here under review for the reasons stated, we find it unnecessary to pass upon the question of whether the inexcusable failure of an attorney to appear and participate in a pre-trial conference is a direct or indirect contempt.

The order of contempt is annulled and vacated.

Moore, P. J., and Fox, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied June 12, 1957. Traynor, J., was of the opinion that the petition should be granted.