[Civ. No. 37800. Second Dist., Div. Five. Jan. 18, 1972.]

RICHARD M. STOCKTON, Plaintiff, Cross-defendant and Appellant, v.
JACK P. RATTNER et al., Defendants and Respondents;
DEBTOR REORGANIZERS, INC.,
Defendant, Cross-complainant and Respondent;
PHYLLIS I. STOCKTON, Cross-defendant and Appellant.

**COUNSEL**

Goldberg & Franklin and M. Pearl Franklin for Plaintiff, Cross-defendant and Appellant and for Cross-defendant and Appellant.

Gendel, Raskoff, Shapiro & Quittner, Richard S. Berger and Bernard P. Simons for Defendants and Respondents and for Defendant, Cross-complainant and Respondent.

**OPINION**

**KAUS, P. J.**—Plaintiff appeals from an order authorizing the sale of a residence at Avalon, Catalina Island, and ordering the proceeds of the sale

to be impounded, pending final determination of the action in which the order was sought and obtained.

## FACTS

In 1964 plaintiff made an assignment for the benefit of the creditors of certain corporations. One of the properties assigned was the Avalon residence involved in this appeal. The contract of assignment provided that the residence was not to be sold by the assignee, without plaintiff's consent, "until and unless all of the other assets which have been transferred and conveyed pursuant to this agreement shall first have been sold and disposed of and there shall still remain monies due and payable under the terms of this agreement." In February 1967, plaintiff filed the action in the course of which the order appealed from was made. Essentially plaintiff claims that the assignee has not complied with certain provisions of the assignment, has failed to render proper accountings and, in particular, has failed to pursue certain accounts receivable. Various kinds of relief, including rescission, are prayed for. Significantly the third amended complaint, on which the action will apparently go to trial, nowhere alleges that had the assets assigned been properly managed and had plaintiff been credited with all that was due him, the corporations' debts would have been satisfied. Defendant and respondent, Debtor Reorganizers Inc., as nominee of the original assignee, Jack Rattner, filed a cross-complaint claiming that plaintiff had failed to transfer all of the assets that he was bound to transfer under the 1964 agreement and had interfered in other ways with the performance of the covenants contained in the assignment for the benefit of the corporations' creditors. An additional cause of action for declaratory relief also sets forth, with respect to the Avalon property, that a dispute has arisen between the parties as to whether or not cross-complainant was entitled to sell it to satisfy the claims of the creditors.

The cross-complaint was filed on September 20, 1967. On August 7, 1969, defendant and cross-complainant assignee noticed a motion for an order authorizing the sale of the Avalon property. That motion was denied without prejudice on September 29, 1969. On August 17, 1970, the motion was renewed. The moving papers, if believed, show without question that under the terms of the 1964 agreement the sale was authorized because the other assets assigned, all of which had been liquidated, were quite insufficient to satisfy the debts of the corporations.[1] Several offers for the Avalon property had been received, but plaintiff had not consented to a sale. The property was deteriorating and falling into disrepair. It was also the victim of vandalism. Its value was decreasing.

---

[1]The liquidation deficit was shown to be in excess of $566,000.

We are informed that the reason why the assignee sought the order authorizing the sale was that, without the order, no policy of title insurance could be obtained.

The opposing papers refer to the opposition filed against the 1969 motion for authority to sell, but that opposition is not included in the record. We gather that plaintiff opposed the motion primarily on two grounds, one legal, the other factual: legally plaintiff seems to claim that as long as any asset assigned under the 1964 agreement remains undisposed of, the Avalon residence cannot be sold even if there is no chance that a disposition of that asset can satisfy the creditors; factually he appears to dispute the assignee's contention that all assets have been disposed of.

The motion for authority to sell was granted by an order filed October 13, 1970.

The first question raised by respondent concerns the appealability of the order authorizing the sale. Concededly it is not made expressly appealable by any of the subsections of section 904.1 of the Code of Civil Procedure. Rather, plaintiff argues that if the authority granted by the order is exercised he will be permanently deprived of a residence and that under familiar equitable principles the fact that the cash proceeds of the residence are to be impounded, cannot make up for the loss of a "unique" piece of real property.

In *Degnan* v. *Morrow*, 2 Cal.App.3d 358, 364-365 [82 Cal.Rptr. 557], the law is summarized as follows: "It is settled law that a party may appeal from part of a severable judgment. (3 Witkin, Cal. Procedure (1954) p. 2186.) Accordingly, no violence would be done to our appellate practice by allowing such a partial appeal here. And despite the 'one final judgment rule,' it is established that an interlocutory judgment, not expressly made appealable by statute, is nevertheless appealable to the extent that it requires as a collateral matter, the immediate payment of money, or the performance forthwith of an act (*Greene* v. *Superior Court,* 55 Cal.2d 403, 405 [10 Cal.Rptr. 817, 359 P.2d 249]; *Sjoberg* v. *Hastorf,* 33 Cal.2d 116, 119 [199 P.2d 668]; *Draus* v. *Alfred M. Lewis, Inc.,* 261 Cal.App.2d 485, 489 [68 Cal.Rptr. 154]); *or has the effect of a final determination of property rights* (*Southern Pac. Co.* v. *Oppenheimer,* 54 Cal.2d 784, 786 [8 Cal.Rptr. 657, 356 P.2d 441]; *Carradine* v. *Carradine,* 75 Cal.App.2d 775, 778 [171 P.2d 911]; *California etc. Assn.* v. *Superior Court,* 8 Cal.App. 711, 713 [97 P. 769]). When such an appeal is taken the litigation of the main issues continues to a final judgment. (*Draus* v. *Alfred M. Lewis, Inc., supra,* at p. 489; *Woodman* v. *Ackerman,* 249 Cal.App.2d 644, 649-650 [57 Cal.Rptr. 687].)" (Italics added.)

It can, of course, make no difference that the ruling complained of is denominated an order, rather than a judgment. If it has the effect of a final determination of property rights, it is appealable.

The case most in point and the one which persuades us that we may properly decide this appeal on the merits is *California etc. Assn.* v. *Superior Court,* 8 Cal.App. 711 [97 P. 769]. In that case the defendant sought a writ of prohibition to restrain a receiver from selling certain personal property. The appellate court recognized that, in the exercise of his duties, the receiver might have to sell such property "as where charges and expenses of care would absorb the property, or where it was likely to become valueless by reason of its perishable nature, or other attendant circumstances which might require the same . . . ." (*California etc. Assn.* v. *Superior Court, supra,* 8 Cal.App. at p. 713.) It then proceeded to deny the writ, but not for the reason that the particular sale involved was authorized under the principles recognized in the decision. Rather, the writ was denied because the order authorizing the sale was "so far independent of suit itself as to make [it] substantially a final decree for the purpose of an appeal" and, hence, appealable.

Since the decision rested entirely on the availability of an appeal, the statement that the order authorizing the sale was appealable cannot possibly be considered dictum.

None of the respondent-assignee's cases cited to support the proposition that the order appealed from is not appealable persuade us that we should not follow the rule of *California etc. Assn.* v. *Superior Court, supra.*

In *Henry Cowell Lime & Cement Co.* v. *Figel,* 27 Cal.App. 11 [148 P. 796], a sheriff held certain personal property under attachment. A motion by the plaintiff to have the property sold was denied and the plaintiff appealed. It was held that the order was not appealable. This in no way militates against *California etc. Assn.* v. *Superior Court, supra,* for the denial—as distinguished from a grant—of the motion to have the property sold, in no way affected anybody's property rights.

In *Melick* v. *Superior Court,* 93 Cal.App. 189 [269 P. 746], certain property of the petitioner was seized under a writ of attachment. The petitioner was never served with summons. The plaintiff in the action then noticed a motion for the immediate sale of the property. It was served only on petitioner's codefendant. A writ of prohibition was granted. One of the arguments of the real party in interest had been that prohibition was not a proper remedy because petitioner could "have relief by means of the writ of review, the order made by respondent court not being appealable." For this proposition the real party in interest cited the *Henry Cowell* case

just discussed. The court assumed the correctness of the proposition that the order was not appealable and then held that under the facts of the particular case the availability of a writ of review did not bar prohibition.

The *Melick* case is at most a dictum that appeal was not an available remedy. Certainly *Henry Cowell* does not support it. The contrary holding in *California etc. Assn.* v. *Superior Court, supra,* appears not to have been brought to the attention of the court. ■ We must, therefore, follow the earlier case.

■ We turn to the merits. We feel that the order made must be reversed, not because the assignee's showing did not justify him in selling the property under the terms of the 1964 assignment, but because we do not conceive it to be the proper function of the superior court to give its blessing to the sale, the propriety of which depended entirely on the resolution of the issues framed by the pleadings in an action which had not yet been tried. The assignee was not in the position of a sheriff who seeks a court order to sell property under section 548 of the Code of Civil Procedure, or of a receiver who seeks a similar order under section 568.5 of the same code. It had a contract, executed in 1964, authorizing it to sell the property, that stood in its name, under certain conditions. If plaintiff had never brought the action in the framework of which the order appealed from was made, the assignee never would have been in a position to seek a judicial imprimatur of a proposed sale, unless he himself started some proceeding, such as an action for declaratory relief. In any such action, however, no judgment declaring the right to sell could be rendered on affidavits.[2] Indeed the assignee does not claim that the order appealed from has the same effect as would a final judgment validating the sale. It appears to be willing to take the risk that if and when all the issues in the underlying litigation are resolved, it may somehow be held legally responsible for a sale ultimately shown to be unauthorized by the 1964 agreement. This, however, merely points up the inappropriateness of the superior court's acting in the matter at all. What it boils down to is simply that the order appealed from made the asignee's title more marketable, by enabling it to obtain a policy of title insurance.

Nothing in this opinion is to be construed as a holding that a sale of the property, without judicial sanction, is not authorized by the 1964 agreement; nor are we deciding to what extent, if any, the deteriorating condition of the property by legal implication modifies the express rights and duties of the parties as outlined in that agreement. We point out that

---

[2]Unless, of course, the facts are so one-sided that a motion for summary judgment is in order. Perhaps this is the remedy which the assignee should have sought.

the assignee is not restrained by any preliminary injunction and that unless a court, after a trial, holds otherwise, the agreement is fully in effect. Finally, nothing herein is intended to exonerate plaintiff if by his activities in the premises he has violated any express or implied covenant of the 1964 assignment. We merely hold that it was not the business of the superior court to authorize the sale of property, not *in custodia legis,* where the sole purpose of the authorization was to make the title of one of the litigants more marketable.

The order of October 13, 1970, authorizing the sale of the real property referred to therein is reversed.

Aiso, J., and Reppy, J., concurred.