[Civ. No. 44129. Second Dist., Div. Three. Mar. 26, 1975.]

WILLIAM F. WISNIEWSKI et al., Plaintiffs and Appellants, v. JAMES H. CLARY, Defendant and Respondent.

**COUNSEL**

Ted Sullivan and James E. Sutherland for Plaintiffs and Appellants.

Sikora, Price & Livingston and Donald R. Price for Defendant and Respondent.

John H. Larson, County Counsel, and John P. Farrell, Deputy County Counsel, as Amicus Curiae on behalf of Defendant and Respondent.

**OPINION**

**COBEY, Acting P. J.**—Plaintiffs, William F. and William M. Wisniewski, appeal from a minute order, made and filed on November 7, 1973, directing them to pay fees of the attorneys for defendant, James H. Clary,[1] in the sum of $300 as sanctions for the failure of plaintiffs to

---

[1] We identify the Wisniewskis as plaintiffs herein (SE C 6792) (although another action

attend personally a mandatory settlement conference on October 4, 1973, as allegedly required by written local policy on pain of the dismissal otherwise of their action. Plaintiffs paid the $300 and then appealed the order on the grounds that the policy and the order pursuant thereto exceeded the powers of the court and under the circumstances constituted an abuse of discretion.

■ The threshold question posed is whether the challenged order is appealable under the foregoing circumstances. It is not an order made expressly appealable by Code of Civil Procedure, section 904.1.[2] But it is a final order on a collateral matter directing the payment of money within 30 days and, as such, it is appealable (see *Title Ins. & Trust Co.* v. *Calif. etc. Co.,* 159 Cal. 484, 491 [114 P. 838]; *Stockton* v. *Rattner,* 22 Cal.App.3d 965, 968 [99 Cal.Rptr. 787]) unless the claimed voluntary nature of plaintiffs' payment to defendant of the sum required by the order robbed the order of appealability. We do not think that plaintiffs' payment had this legal effect because it was involuntary since it was made under the coercion of the dismissal otherwise of their action. ■ Compulsory payment of a judgment by an appellant under execution or other coercion does not destroy his right to appeal from that judgment. (*Reitano* v. *Yankwich,* 38 Cal.2d 1, 3 [237 P.2d 6].) Furthermore, even voluntary payment of a judgment by an appellant does not have this effect unless the payment is by way of compromise or accompanied by an agreement not to take or prosecute an appeal. (*Estate of Merrill,* 29 Cal.2d 520, 524 [175 P.2d 819].) ■ We hold that this appeal lies.

The next question to decide is whether the policy enforced was within the power of the court making it. Long prior to the mandatory settlement conference counsel for plaintiffs and for defendant had received from the clerk of the court, by mail, a written statement of the applicable Los Angeles County Superior Court policy, reading as follows: "If at the time of the scheduled settlement conference, plaintiff or those parties seeking affirmative relief fail to appear, the judge shall order the trial date vacated, and order the parties to show cause at 10:30 a.m., in Department 1, on a date to be set by the court why the case should not

in which they are defendants and Clary is the plaintiff (SW C 21625) was consolidated for all purposes with the instant action) because the order under appeal was made against the Wisniewskis *solely* in their capacity as plaintiffs herein.

[2]All section references hereafter are to the Code of Civil Procedure unless otherwise indicated.

be dismissed for lack of prosecution. Written notice thereof [is] to be mailed to all parties or their counsel of record. If the defendant or other responding party fails to appear and good cause is not shown, the court may impose sanctions by way of costs, actual expenses, counsel fees or any or all thereof arising therefrom and order the case to proceed to trial on the date assigned."

This policy of the local superior court was adopted pursuant to division I, section 9, subdivision (d) of the Standards of Judicial Administration recommended by the Judicial Council, which, in pertinent part, as adopted on January 1, 1972, read: "Require settlement conferences to be held in all ready cases, . . . . At settlement conferences the superior courts should require the attendance of all parties, their trial attorneys and, when a party is insured, a representative of the insurance company . . . ."

The Judicial Council is expressly authorized by article VI, section 6 of our Constitution to make recommendations to the courts to improve the administration of justice. One such improvement is the mandatory settlement conference because through this device many cases are disposed of without trial, and delay in the trials of the remaining cases is thereby reduced. The requirement that the parties themselves be present at the mandatory settlement conference undoubtedly enhances the chances for settlement because the parties may then become active participants in the settlement negotiations. An attorney with full and unlimited power to settle is no substitute for his client being there personally, as an agent never feels as free to act for a principal as the principal does for himself.

Plaintiffs contend that this policy of compelling the attendance of themselves at the mandatory settlement conference in this case was unenforceable because it took the form of a local policy rather than a local rule and because a party in a civil case may not be required to be personally present at any stage of the litigation.[3] (See *Silvagni* v. *Superior Court,* 157 Cal.App.2d 287, 291-292 [321 P.2d 15]; *Taylor* v. *Bell,* 21

[3]Plaintiffs also assert that they did not violate the policy because their counsel appeared for them at the mandatory settlement conference and participated fully therein. We do not agree. Although the use of the word "appear" in the quoted policy instead of the words "be personally present" renders the policy ambiguous in this respect (see § 1014), plaintiffs' counsel apparently understood that the policy required that his clients be physically present at the conference. We say this because once their absence from the conference was noted by the court, their counsel did not claim that the absence was occasioned by his misunderstanding of the policy's requirements in this regard.

Cal.App.3d 1002, 1008 [98 Cal.Rptr. 855], cert. den., 408 U.S. 923 [33 L.Ed.2d 334, 92 S.Ct. 2493].) Section 128, subdivisions 3 and 4, which codify at least partially the inherent powers of a court, states in effect that every court is empowered to provide for the orderly conduct of the proceedings before it and to compel obedience to its judgments, orders and process. Section 187, which likewise codifies an inherent power of a court, authorizes a court to take all the means necessary to carry its jurisdiction into effect and, where the Code of Civil Procedure or a statute does not specify a mode of proceeding, to adopt any suitable process or mode of proceeding that may appear most conformable to the spirit of the Code. Finally, according to *Hays* v. *Superior Court*, 16 Cal.2d 260, 264 [105 P.2d 975], "a trial court has the [inherent] power to exercise a reasonable control over all proceedings connected with the litigation before it."

██ Government Code section 68070 provides that "Every court of record may make rules for its own government . . . not inconsistent with law or with the rules adopted and prescribed by the Judicial Council." This statute, though, contains no express authorization for the making of policies as opposed to rules and amendments thereto, but rule 981, subdivision (d), of the California Rules of Court, makes the filing and availability for public inspection requirements of the succeeding section (Gov. Code, § 68071) expressly applicable to the policies of local courts of record as well as to their rules.

We regard the rule-making power of superior courts, enunciated in the aforementioned Government Code section 68070, as merely a statutory confirmation of an inherent power of these courts rather than as a grant from the Legislature of this power to them. ██ Furthermore, it seems clear to us that courts which may make local rules may also make local policies—a lower and less permanent form of specification of the practices to be followed in the particular court.[4] So long as those to be governed by the local policies of these courts are fully and fairly informed of their requirements in advance and particularly of the fact (when such is the fact) that these policies represent requirements rather than mere guidelines, we regard them as being as fully enforceable generally as court rules. These have been held to have the legal effect of

---

[4] We would suppose that the Los Angeles County Superior Court prescribes practices before it by policy instead of by rule whenever the judges of that court conclude that the matter at hand is more appropriately described as a policy rather than as a rule—whether because of its greater specificity, the probability of more frequent change, its use as only a guideline or for other sound reasons.

procedural statutes, so long as they are not contrary to higher law.[5] (See *Cantillon* v. *Superior Court,* 150 Cal.App.2d 184, 187-188 [309 P.2d 890]; 1 Witkin, Cal. Procedure (2d ed. 1970) Courts, § 130, p. 400.)

We believe that the trial court in this case possessed the inherent power to require by policy that plaintiffs be physically present at the mandatory settlement conference. A court may not compel a litigant to settle a case, but it may direct him to engage personally in settlement negotiations, provided the conditions for such negotiations are otherwise reasonable. The fact that it may not force a party to be personally present at the trial of a civil action (see 1 Witkin, *op cit.,* Jurisdiction, § 123, pp. 652-653) does not mean that it may not command his attendance in person at a mandatory settlement conference. A civil trial may proceed expeditiously without the presence of a party, but, as noted earlier, the presence of all parties personally at settlement negotiations enhances their chances of success. For this reason we regard the inconsistent language found in *Silvagni, supra,* and repeated in *Taylor, supra,* as being overly broad.

■ We turn now to the particular sanction imposed—the award of attorneys fees to defendant in the amount of $300 on pain of the action being otherwise dismissed.[6] The contention can be made that this was a conditional dismissal and was therefore authorized by the quoted policy

---

[5]Rule 207.5 of the California Rules of Court, adopted by the Judicial Council, requires each superior court to establish and maintain a settlement calendar. It also provides for settlement conferences and further states that "The settlement procedure provided in this rule is not intended to be exclusive, and local settlement procedures . . . are expressly authorized if consistent with these rules."

The foregoing rule was adopted pursuant to the authorization in our Constitution (art. VI, § 6) to the Judicial Council to "adopt rules for court administration, practice and procedure, not inconsistent with statute, . . . ."

Unlike plaintiffs, we find no inconsistency between the policy of the Los Angeles County Superior Court at issue and this rule of the Judicial Council.

[6]Plaintiffs attack this award because the possibility that it would be made was not included in the order to show cause issued in this case. Such order was identified as "An order to show cause re dismissal." Undoubtedly plaintiffs were surprised by defendant's suggestion to the court at the show cause hearing that the court consider the imposition of this lesser sanction, but they then did not ask for a continuance to prepare themselves to meet this unexpected turn of events. This being so, we are not inclined to vacate this award because of either this deficiency in notice or the fact that apparently the requirement of the policy that written notice of the show cause hearing be mailed to all parties or their counsel of record was not followed. Likewise plaintiffs do not object to the fact that the show cause hearing was not held before department 1 of the local superior court, but was held instead before the presiding judge of the branch involved of the Los Angeles County Superior Court. This judge happened to be the same judge who had made the order to show cause.

that was thereby enforced.[7] A court may not, however, impose illegal conditions of dismissal and attorneys fees generally may be awarded only pursuant to either agreement of the parties or to express authority elsewhere in the law. (See § 1021; *Viner* v. *Untrecht,* 26 Cal.2d 261, 272 [158 P.2d 3]; *Standard Accident Ins. Co. of Detroit* v. *Hull,* (S.D. Cal. 1950) 91 F.Supp. 65, 66 (dictum).) There was no such express authority in this case for the award of attorneys fees that was made.[8] The award of attorneys fees was, therefore, beyond the power of the trial court.

Thus, we do not reach the question whether the order under appeal constituted an abuse of discretion. We do observe, though, that the fact that plaintiffs, as wage earners, would have lost another day from their work and the compensation therefor if they had attended the mandatory settlement conference is not persuasive to us that they should not have been punished for their failure to attend. Once an individual chooses to litigate, he should be prepared to bear the ordinary and reasonable burdens of litigation—whether those be in the preparation of the case for trial, discovery, pretrial conferences, trial or post trial proceedings.

The minute order, insofar as it awards attorneys fees to defendant, is reversed.

Potter, J., concurred.

**ALLPORT, J.**—I concur on the ground that the written statement of Los Angeles Superior Court policy does not authorize sanctions by way of attorney's fees for the failure of plaintiffs to appear at the settlement conference.

---

[7]The sanction of dismissal of the action for lack of prosecution is itself open to challenge as being beyond the power of the court because dismissal of an action on this basis is controlled entirely by statute and decisional law. (See §§ 581a, 582, 583; 4 Witkin, *op cit.,* Proceedings Without Trial, § 60, etc., pp. 2724 et seq.; *Conae* v. *Conae,* 109 Cal.App.2d 696, 697 [241 P.2d 266]; *Albermont Petroleum, Ltd.* v. *Cunningham,* 186 Cal.App.2d 84, 89-91 [9 Cal.Rptr. 405]; *Turlock Golf etc. Club* v. *Superior Court,* 240 Cal.App.2d 693, 695, 699-700 [50 Cal.Rptr. 70]; 1 Witkin, *op cit.,* Courts, § 129, pp. 399-400.)

[8]Defendant claims to the contrary. He asserts that award of "counsel fees" is expressly authorized by the policy at issue against those defendants who failed to comply therewith and that in the action consolidated with the instant action plaintiffs herein were defendants therein, but the record quite clearly indicates that the sanction at issue was imposed only for the Wisniewskis' failure *as plaintiffs* to be present at the settlement conference.