[Civ. No. 70086. Second Dist., Div. Two. Jan. 13, 1984.]

CLIFTON STEELE et al.,
Plaintiffs, Cross-defendants and Respondents, v.
IRVING HERSHEY GOLD,
Defendant, Cross-complainant and Appellant.

## COUNSEL

Valensi & Rose, Roger P. Heyman and Stuart L. Brody for Defendant, Cross-complainant and Appellant.

Meyer Berkowitz for Plaintiffs, Cross-defendants and Respondents.

## OPINION

**ROTH, P. J.**—Respondents Clifton and Marie Steele brought a motion to sever their complaint from the cross-complaint filed by appellant Irving Hershey Gold. In addition to granting the motion, the trial court by minute order dated March 8, 1983, awarded respondents $500 in attorney's fees, not, as they had requested, under Code of Civil Procedure section 128.5,[1] but as costs pursuant to Code of Civil Procedure section 1032.[2]

Appellant moved for reconsideration of the order insofar as it involved the fee award but the motion was denied by minute order dated April 7,

---

[1] "(a) Every trial court shall have the power to order a party or the party's attorney, or both, to pay any reasonable expenses, including attorney's fees, incurred by another party as a result of tactics or actions not based on good faith which are frivolous or which cause unnecessary delay. Frivolous actions or delaying tactics include, but are not limited to, making or opposing motions without good faith. . . ."

[2] "In the superior court, except as otherwise expressly provided, costs are allowed of course:

"(a) To plaintiff upon a judgment in his favor; in an action for the recovery of real property; in an action to recover the possession of personal property; in an action for the recovery of money or damages; in a special proceeding; in an action which involves the title or possession of real estate or the legality of a tax, impost, assessment, toll, or municipal fine.

"(b) To the defendant upon a judgment in his favor in special proceedings and in the actions mentioned in subdivision (a) of this section, or as to whom the action is dismissed. When there are several defendants in any action mentioned in subdivision (a) of this section, not united in interest, and making separate defenses by separate answers, and plaintiff fails to recover judgment against all, the court must award costs to such of the defendants as have judgment in their favor.

"(c) In other actions than those mentioned in this section costs may be allowed or not, and, if allowed, may be apportioned between the parties, on the same or adverse sides, in the discretion of the court."

1983, with a further award of attorney's fees to respondents of $350, again pursuant to Code of Civil Procedure section 1032.

In explaining the reasoning behind its actions the trial court remarked:

"The Court: Well, referring to section 1032 of the C.C.P., this section very simply provides—This is in (c) (reading): 'In other actions than those mentioned in this section, costs may be allowed or not, and, if allowed, may be apportioned between the parties, on the same side or adverse sides, at the discretion of the court.'

"My practice, as I think it is the predominant practice of this court, is to award fees as costs, and the reason is very simple:

"Somebody comes into court either you on your motion or them. The court has to have authority—

"And I think this section provides it.

"—to award fees so that counsel do not have to pay out of their pockets for having to make court appearances.

"Without this authority, the attorneys—including you, counsel—will have to come into these cases and would have to sort of eat those fees yourselves.

"I think that this section permits me to do it.

"I do want you to understand, as I thought I tried to make it clear originally—

"And that is the reason why I describe it as fees and not sanctions.

"—that this was not being done under section 128.5."[3]

---

[3]That Code of Civil Procedure section 128.5 was not involved was further made clear in the trial court's comments to counsel for respondents that:
"The Court: You need to be careful because I have specifically said this is not under 128.5. I specifically said I made no finding regarding bad faith.
"You remember, under 128.5, the court has to make specific findings.
"So if this matter goes up, I would not, if I were you, rely too heavily on 128.5."
It is equally clear the award on the motion for reconsideration was not made under the contempt provisions of Code of Civil Procedure section 1008, but Code of Civil Procedure section 1032, the trial court's minute order specifying that "Gold is ordered to pay additional fees *as costs* in the sum of $350.00 . . . ." (Italics added.)

■ That the rationale so articulated is at odds with settled principle as codified in Code of Civil Procedure section 1021 is clear from the observations in *Bauguess* v. *Paine* (1978) 22 Cal.3d 626 at page 634 [150 Cal.Rptr. 461, 586 P.2d 942] to the effect that: "It has been the traditional practice in this country for each litigant to bear his or her own attorney's fees. (*Prentice* v. *North Amer. Title Guar. Corp.* (1963) 59 Cal.2d 618, 620 . . . .) Awards of attorney's fees by courts are the exception rather than the rule. Generally, a court may properly award attorney's fees only pursuant to an agreement of the parties or statutory authority. This principle is codified in Code of Civil Procedure section 1021: 'Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties [; but parties to actions or proceedings are entitled to costs and disbursements, as hereinafter provided.]' " (See also *Yarnell & Associates* v. *Superior Court* (1980) 106 Cal.App.3d 918, 922 [165 Cal.Rptr. 421]; *Young* v. *Redman* (1976) 55 Cal.App.3d 827, 834-836 [128 Cal.Rptr. 86].)

In the present matter there was no agreement between the parties respecting attorney's fees.[4] No statutory authority which might have permitted the award of such fees was relied upon by the trial court. (See fn. 3.) Its award, ostensibly pursuant to Code of Civil Procedure section 1032, was therefore in error.

While that conclusion is tacitly conceded by respondents, it is urged additionally that the proposition a trial court's order must be sustained on appeal if correct on any appropriate theory (see *Lincoln* v. *Superior Court* (1943) 22 Cal.2d 304, 315 [139 P.2d 13]) should be applied here. That is to say, it is maintained that since the trial court could have imposed sanctions under Code of Civil Procedure sections 128.5 and 1008, its rulings though erroneously arrived at should be upheld here. The contention fails, however, since to sustain it would require us to find that as a matter of law such sanctions should have been forthcoming, a result we cannot reach on the record before us.[5]

---

[4]If there had been such an agreement, it would still have been improper for the trial court to award attorney's fees at the time that it did. (See *Presley of Southern California* v. *Whelan* (1983) 146 Cal.App.3d 959 [196 Cal.Rptr. 1]; *Bank of Idaho* v. *Pine Avenue Associates* (1982) 137 Cal.App.3d 5 [186 Cal.Rptr. 695].)

[5]Respondents' further claim the orders appealed from are nonappealable orders is without merit. (See *Bauguess* v. *Paine, supra,* 22 Cal.3d 626, 634, fn. 3; *Title Ins. & Trust Co.* v. *Calif. etc. Co.* (1911) 159 Cal. 484, 491 [114 P. 838]; *Wisniewski* v. *Clary* (1975) 46 Cal.App.3d 499, 502 [120 Cal.Rptr. 176]; *Stockton* v. *Rattner* (1972) 22 Cal.App.3d 965, 968 [99 Cal.Rptr. 787].)

The minute orders herein dated March 8, 1983, and April 7, 1983, insofar as they award attorney's fees are reversed. Costs on appeal to appellant.

Beach, J., and Gates, J., concurred.