[L. A. No. 2014.  In Bank.—August 1, 1907.]

# FRANK MANHA, Respondent, v. UNION FERTILIZER COMPANY, Appellant.

PLEADING—FILING AMENDED ANSWER AS OF COURSE.—Under section 472 of the Code of Civil Procedure, a defendant has not an absolute right to file an amended answer at any time before trial. An amended answer "as of course" cannot be filed after a demurrer to the original answer has been disposed of, or after the time within which the plaintiff might have demurred, but did not, has expired.

ID.—DISCRETION IN ALLOWING AMENDMENT — APPEAL. — Whether the court should allow an amended answer to be filed rests in its sound discretion, and its order refusing it can only be reversed when the record shows an apparent abuse of such discretion.

ID.—AMENDMENT NECESSITATING CONTINUANCE OF TRIAL.—A party is entitled to have a cause tried at the date for which it is set, unless some satisfactory reason is presented for its postponement. An application for leave to amend a pleading, which, if granted, will work a continuance of a trial, without any showing why the application was not made earlier, is sufficient ground for refusing to allow the amendment, especially when it appears that the facts set up in the amended answer were known to the defendant at a sufficiently earlier date to have permitted an amendment to the answer without the necessity of a continuance of the trial.

CHARTER PARTY—BREAKING UP OF VOYAGE—EVIDENCE.—In an action to recover for the use and hire by the defendant from the plaintiff of a certain boat for a particular voyage, it is *held*, upon a review of the evidence, that the plaintiff did not break up the voyage or retake the boat without the consent of the defendant before the voyage was completed, and that the evidence showed that the voyage was completed under the contract as found by the court.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

Grant Jackson, and George Fuller, for Appellant.

Powers & Holland, for Respondent.

LORIGAN, J.—This suit was brought to recover the sum
of five hundred and ninety dollars for work and labor per-
formed by the plaintiff at the request of the defendant, and
for the use and hire by the defendant from plaintiff of
that certain boat known as the schooner May for a period of
fifty-nine days from the eleventh day of September, 1904,
to the ninth day of November of the same year. From the
answer and the evidence it appears that plaintiff's action
is based upon the written agreement attached to the answer
made between the plaintiff and one Beermaker, agent of
the defendant, for the hiring of plaintiff's power schooner
May for a voyage to Magdalena Bay, stopping at any place
or island designated by said Beermaker, and to return to San
Diego with a load of guano. The rental agreed upon was
ten dollars per day, and by the terms of the contract the
plaintiff was to go with the boat as engineer and to furnish
one man as sailor; said Beermaker furnishing all provisions,
oil for engine, captain, and two sailors. The schooner on
the eleventh day of September, 1904, cleared from the port
of San Diego for that of Ensenada, but on arrival there the
plaintiff was arrested by the Mexican authorities for an
alleged criminal offense, and the schooner also taken into
custody. She was, however, released at the end of five days,
and it was found that under an arrangement between the
plaintiff and Beermaker, by which the latter waived the
defendant's rights to require the plaintiff to accompany the
schooner, she proceeded on her voyage, under the terms of
the contract as thus modified. The voyage was completed
on the ninth day of November, 1904, and it is found by the
court that defendant, during the period between the date
of her sailing, September 11, 1904, and the date of her arrival,
had and used the schooner under said contract for a period
of thirty-nine days. Judgment was accordingly rendered
for the sum of three hundred and ninety dollars, less the
sum of fifty dollars already paid and $25.75 expenses for
repairs incurred by the defendant. The defendant appeals
from the judgment and from the order denying its motion
for a new trial.

The first error claimed to have been committed by the
trial court was in striking out, on motion of plaintiff, an
amended answer and counterclaim filed by defendant. It

appears that the defendant filed its original answer and counterclaim on December 24, 1904, and the cause was set down for trial on June 16, 1905, but upon the application of defendant, made on that day, and over the objection of plaintiff, the trial was continued until August 14, 1905, counsel for defendant announcing that he would be ready for trial on that date. On August 4, 1905, without leave of the court, defendant filed an amended answer, to which plaintiff demurred. After this demurrer was filed, defendant, still without leave of the court, served and filed a second amended answer, both of which, on motion of plaintiff, made on August 14, 1905, the date fixed for the trial, were stricken out.

The grounds of the motion were—1. That the amended answer and counterclaim had been filed without leave of court and without authority of law; 2. That the second amended answer and counterclaim changed the issues made in the action; and 3. That the plaintiff was taken by surprise. As the order striking out the answer and counterclaim was general, it must be sustained if any of the grounds urged in support of it were tenable. We shall not discuss the merits of the last two grounds, because the order was properly based on the first. The position of the appellant is that under section 472 of the Code of Civil Procedure it had an absolute right to file an amended answer at any time before trial of the cause. This, however, is not a proper construction of the section, which only permits an amended answer to be filed before a demurrer to the original answer is filed, or while the issue of law raised by demurrer thereto is undisposed of. An amended answer "as of course" cannot be filed after a demurrer to the original answer has been disposed of, or after the time within which the plaintiff might have demurred, but did not, has expired. It can thereafter only be allowed upon stipulation or by leave of the court. This identical question was before this court in the case of *Tingley* v. *Times Mirror Co., ante,* p. 1, [89 Pac. 1097], decided since the appeal in the present case was taken. We there construed the section adversely to the position assumed by appellant, and as supporting the view taken by the trial court, and we refer to the decision in that case for a more extended presentation of our views upon the subject.

The amended answer having been stricken out, appellant then moved the court for leave to file it, which was denied, and this ruling is also assigned as error. The original answer, after denying the allegations in the complaint, set up a counterclaim for damages alleged to have been sustained by the failure of plaintiff to make the voyage provided for in the contract. The second amended answer asked to be filed set up the additional defenses that the vessel was unseaworthy and that plaintiff took forcible possession of it on the high seas and refused to return it to defendant. Also, various counterclaims were set up for amounts paid and expenses incurred by defendant relative to the voyage and resulting from its alleged abandonment by plaintiff.

Whether the court should allow this amended pleading to be filed rested in its sound discretion, and the order of the court refusing it could only be reversed because of an apparent abuse of it, and the record here discloses no such abuse. The cause was set for trial in June, 1905, under the original pleadings, and continued on the application of defendant until August 14, 1905. No intimation was given then by defendant that any change in its pleadings was contemplated; on the contrary, its counsel stated that he would be ready for trial on the date to which a continuance was had. On the day for which the trial was last set, he moved to be allowed to amend, the result of which allowance would have been, as asserted by plaintiff,—and which was no doubt true, —to work a further continuance in the cause. No showing whatever was made why the application had not been made earlier. The absence of such a showing would of itself have sustained the order of refusal. A party is entitled to have a cause tried at the date for which it is set, unless some satisfactory reason is presented for its postponement. An application for leave to amend a pleading, which, if granted, will warrant a continuance of a trial without any showing why the application was not made earlier, is sufficient ground for refusing to allow it. Not only was there no showing made in behalf of the application, but from an affidavit made by the manager for appellant in support of its application for a continuance of the trial on June 16, 1905, it appears that defendant had knowledge then of practically all the matters set forth in its amended answer and counterclaim,

which on August 14, 1905, it asked leave to file. Under all these circumstances, there was no error on the part of the court in refusing to allow the amended pleading to be filed on the day last set down for trial of the cause.

Aside from this claim relative to the ruling of the court upon the pleadings tendered by appellant, it is insisted by it that the evidence did not justify the findings in favor of plaintiff. The court found the facts as we have heretofore recited them. Some of them were not denied, and as to those which were, it is only necessary to say that the evidence was conflicting, and the court accepted that offered on behalf of plaintiff.

It is particularly insisted, however, by appellant that the finding of the court that the voyage under the contract was completed on the ninth day of November, 1904, is not supported by the evidence. The position of defendant in this regard is that when the vessel was about to proceed on its way back from Magdalena Bay to San Diego the captain thereof was given instructions by Beermaker to put in to Ensenada; that when the vessel was off that port, on the 7th or 8th of November, the plaintiff, who had remained in the vicinity of Ensenada while the vessel proceeded to Magdalena Bay, came out in a boat, boarded her, and directed the captain not to put in to Ensenada, but to sail directly for San Diego, which he did, arriving there on November 9th. But when plaintiff boarded the vessel it was on its way home, and its voyage had already been long extended beyond the time contemplated in the contract of the parties. Beermaker was not on the vessel; he had remained at some point in the vicinity of Magdalena Bay. No reason was suggested why Beermaker wanted the boat to put in to Ensenada. It does not appear that he had any business there, or was at all discommoded or inconvenienced by the failure of the vessel to land at Ensenada. She was not returning with any cargo which necessitated her entering or clearing at that port. Neither had Beermaker told plaintiff that he wanted the vessel to put in there on her return; nor does it appear that when the plaintiff boarded the vessel outside of Ensenada the captain in charge gave him any information that he had been instructed by Beermaker or any one else to enter the port of Ensenada. It appears only that the captain con-

templated doing so, but that plaintiff persuaded him to proceed directly to San Diego, her home port, instead. Why the captain wanted to put in to Ensenada does not appear, but whatever the reason was, the evidence does not disclose that either he or any one else informed plaintiff that he had orders from Beermaker to do so. Under the circumstances, it cannot be said that plaintiff broke up the voyage or retook the boat without the consent of defendant before the voyage was completed, or that the evidence did not show that it was completed under the contract as found by the court.

We have considered the points made by the appellant relative to the admission and rejection of testimony, and are of the opinion that no material error was committed in that respect. Other points are made in the case, but we do not think they are of any merit or that they require particular discussion.

The judgment and order appealed from are affirmed.

Sloss, J., Shaw, J., Angellotti, J., Henshaw, J., and McFarland, J., concurred.

BEATTY, C. J., concurring.—I concur. As to the right of defendant to file an amended answer at any time before demurrer filed, it is sufficient for the purposes of this case to say that after an answer has been filed, and the issues so formed have been set for trial on a day certain, with the knowledge and acquiescence of the defendant, he cannot on the eve of the trial file an amended answer raising new issues without leave of the court. To so much qualification the general language of section 472 of the Code of Civil Procedure must be subject, and perhaps it is the only qualification we are authorized to impose.

Rehearing denied.