Filed 4/13/20

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| ANTHONY NUÑO,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>CALIFORNIA STATE UNIVERSITY, BAKERSFIELD, et al.,<br><br>    Defendants and Respondents. | F077889<br><br>(Super. Ct. No. BCV-17-102507)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Kern County.  Stephen D. Schuett, Judge.

Law Office of Corey Evan Parker and Corey Evan Parker for Plaintiff and Appellant.

Kronick, Moskovitz, Tiedemann & Girard and David W. Tyra for Defendants and Respondents.

-ooOoo-

Plaintiff, a college professor who represented himself, sued his employer for discrimination and retaliation in violation of the California Fair Employment and Housing Act (FEHA; Gov. Code, § 12900 et seq.).  The employer successfully demurred to the initial complaint and plaintiff was granted leave to amend.  When plaintiff failed to

file an amended complaint within the time given, employer submitted an ex parte application for an order of dismissal with prejudice. The trial court granted the dismissal with prejudice and subsequently entered a judgment in favor of employer. Plaintiff appealed.

In *Gamet v. Blanchard* (2001) 91 Cal.App.4th 1276 (*Gamet*), the court set forth the principle that self-represented litigants are not entitled to special exemptions from California's procedural rules, but they are "entitled to treatment equal to that of a represented party." (*Id*. at p. 1284.) To provide "fair and equal treatment," courts should "make sure that verbal instructions given in court and written notices are clear and understandable by a layperson." (*Ibid*.) Here, the trial court's statements at a case management conference about the filing of an amended complaint were not clear and understandable. As a result, plaintiff was misled into believing he had until the next case management conference to seek counsel and file an amended complaint and, relying on this belief, he left the country to attend an educational conference. While plaintiff was out of the country and a month before the date of the next case management conference, defendants requested and obtained an ex parte order dismissing the action with prejudice pursuant to Code of Civil Procedure section 581, subdivision (f)(2).[1] We conclude the court prejudicially abused its discretion by (1) failing to provide clear and understandable instructions to plaintiff that the setting of another case management conference did not extend the deadline for filing an amended complaint and (2) dismissing plaintiff's action with prejudice prior to that conference.

As in *Gamet*, we reverse and remand for further proceedings.

---

[1] All further statutory references are to the Code of Civil Procedure unless designated otherwise.

**FACTS**

In September 2002, plaintiff Anthony Nuno was hired by California State University, Bakersfield (Employer) as an assistant professor. In September 2015, plaintiff applied for a promotion to full professor.

In June 2016, Employer denied plaintiff's request for a promotion. On October 28, 2016, plaintiff complained to Employer about harassment, retaliation, exclusion, marginalization and homophobic actions in the workplace. On October 31, 2016, plaintiff filed charges of retaliation, harassment and discrimination with the Fresno office of the United States Equal Employment Opportunity Commission (EEOC).

Plaintiff alleges that on January 27, 2017, Employer's Provost Jenny Zorn and Vice Provost David Schecter retaliated against him by issuing a letter prohibiting him from attending department meetings and from directly communicating by e-mail with other professors in the department. Plaintiff alleges this action was taken against him for reporting retaliation, harassment and discrimination in the workplace.

In July 2017, the EEOC issued a "Dismissal and Notice of Rights" to plaintiff. The document stated the EEOC was closing its file on his charge because it "has adopted the findings of the state or local fair employment practices agency that investigated this charge." The document contains no information about the other agency's investigation or the substance of the EEOC's adopted findings. The document also stated it was the only notice of plaintiff's right to sue that the EEOC would send him and informed plaintiff that any lawsuit based on the charge must be filed within 90 days of his receipt of the notice.

**PROCEEDINGS**

In October 2017, plaintiff, representing himself, filed a complaint alleging Employer and defendant David Schecter[2] violated FEHA by denying plaintiff a

---

[2]    Hereafter, "Employer" refers to both defendants—the University and Schecter.

promotion to full professor. Among other things, plaintiff alleged he was qualified for the position of full professor but was not promoted because he is Mexican-American and gay, which constituted unlawful discrimination based on race and sexual orientation in violation of FEHA.

In February 2018, Employer filed a demurrer and supporting papers. Plaintiff did not file an opposition.

On March 27, 2018, the trial court held a hearing on the demurrer at which plaintiff and defense counsel were present. Plaintiff stated he did not file an opposition because he had been in communication with attorneys and, by the time they informed him they would not take the case, the deadline had passed. The court then stated it was going to sustain the demurrer for failing to allege facts sufficient to state a cause of action and for being uncertain, vague, ambiguous and unintelligible. Defense counsel confirmed the court was granting leave to amend and stated: "We'll simply wait to see what [plaintiff] has for us in his amended complaint and respond accordingly." The court asked plaintiff if he understood what the court's concerns were. Plaintiff said: "I'm sorry, Your Honor. I don't. What I do have is an extension—or request a motion to—a motion for extension to seek legal counsel and extend plaintiff's deadline to file the opposition to the demurrer and any other motion as of today." The court stated it would deny the motion as untimely and "I'm going to give you 20 days to file an amended complaint." The court directed defense counsel to prepare an order. The minute order for the hearing stated the next hearing was a case management conference scheduled for April 23, 2018.

On April 3, 2018, defense counsel submitted to the trial court a proposed order along with plaintiff's objections to the order. Plaintiff's document stated he objected "to the Court's ruling of sustaining the demurrer as the plaintiff will be filing an amended complaint to support charges of retaliation, harassment, defamation of character, discrimination and homophobia in the workplace."

4.

On April 5, 2018, plaintiff filed a request for extension to amend complaint and seek and retain legal counsel. The document stated: "Plaintiff requests additional 60 days and replace the original 20 day extension on the date of hearing (March 27, 2018)." Plaintiff also submitted a proposed order. Four days later, the trial court crossed out the portion of the proposed order granting the 60-day extension, stamped the order "DENIED," and filed it.

On April 12, 2018, the trial court signed and filed the order sustaining the demurrer on the grounds that (1) the complaint failed to allege facts sufficient to state a cause of action against Employer and (2) the complaint was uncertain, vague and ambiguous. The order gave plaintiff 20 days leave to amend his complaint. The order was not immediately served on plaintiff.

On April 23, 2018, the trial court held a case management conference. The court asked plaintiff the status on getting an amended complaint filed. Plaintiff (1) referred to the denial of his request for an extension to seek and retain counsel, (2) stated he had been in contact with defense counsel to submit to the court a recommendation of management of the case, but his recommendation was not accepted by defense counsel, and (3) stated he intended to submit his case management statement if the court permitted it. The court, returning to its question, again asked plaintiff the status of getting an amended complaint. Plaintiff said: "Your Honor, in seeking counsel, I'm in the process of doing that."

Next, the court asked defense counsel if she had anything to add. Counsel acknowledged no amended complaint had been received and stated: "We're wondering if we should either push this statement [*sic*] conference out or if we should move to dismiss. We're just wondering what the Court would prefer to do in terms of waiting for the amended complaint." The court replied: "My plan today is to push out the case management conference. I'm looking at maybe 45 days out, to June 6th, if that[] works on everybody's calendar." Plaintiff stated he was going to be at a conference out of the

5.

country and asked "if the Court could provide for three more weeks after that." The parties agreed on June 27th and the court stated: "So we'll continue this out to June 27th, 2018. That will be at 8:15 a.m. back here in Department 10."

Defense counsel then asked: "When should we expect an amended complaint at this point?" The court stated: "I asked twice and I didn't get an answer, so I'm not sure. I'll let—[Defense counsel] you do what you need to do in case the amended complaint is not filed. [¶] Mr. Nuno, the responsibility is on you to get that filed." Plaintiff responded: "Yes, Your Honor. I'm trying."

Also, on April 23, 2018, Employer filed a notice of entry of order after hearing on defendants' demurrer, which stated the written order had been filed on April 12, 2018, and attached a copy of the order. The notice of entry was served by mail. Employer contends the service of the order started the 20-day period in which plaintiff was to file an amended complaint and, because service was by mail, that period was extended by five days. As a result, Employer calculates the deadline for filing plaintiff's amended complaint as May 18, 2018.

On May 20, 2018, plaintiff completed a case management statement on mandatory Judicial Council form CM-110 for the June 27, 2018 case management conference, which was filed on May 23, 2018. In item 6.c. of the form, plaintiff wrote: "As stated on April 23, 2018 at the last Settlement Conference, I am not available between May 20, 2018 and June 6, 2018 as I will be attending an Educational Conference out of the Country." Plaintiff's statement was filed with the court on May 23, 2018. We infer from this statement that plaintiff left the country on May 20, 2018, and would be returning June 6, 2018.

On May 22, 2018, at 4:37 p.m., defense counsel sent an e-mail to plaintiff's personal e-mail addresses stating his intent to make an ex parte application for an order dismissing plaintiff's complaint with prejudice. The notice stated the application would be made on May 25, 2018, at 8:30 a.m. in Department 10.

6.

On May 23, 2018, Employer filed an ex parte application for order to dismiss plaintiff's complaint with prejudice. The application was supported by a memorandum of points and authorities and a declaration of defense counsel. Counsel's declaration stated that, as of the filing of the ex parte application, he had not heard back from plaintiff. As described in defense counsel's e-mail, the ex parte application was scheduled to be heard on May 25, 2018 at 8:30 a.m.

On May 25, 2018, the hearing on the ex parte application was held. Plaintiff's partner attended the hearing to state plaintiff was unavailable because, in accordance with earlier statements made to the court, plaintiff was out of the country. The court stated that because it had granted the demurrer and no amended complaint had been filed, it would grant the application. The minute order reflects that the case was dismissed with prejudice, an order was submitted for review and signature, and the case management conference set for June 27, 2018, was vacated. The court signed and filed the order stating it "hereby GRANTS the Order to Dismiss Plaintiff's Complaint with Prejudice." On May 31, 2018, a notice of entry of order to dismiss was filed with the court and served on plaintiff.

On June 7, 2018, the court entered a judgment "in favor of Defendants and against Plaintiff." Later that month, plaintiff filed a notice of appeal challenging the judgment and the underlying order dismissing the action with prejudice.

In August 2018, plaintiff filed a substitution of attorney with this court, which ended his representation of himself and substituted in an attorney. Plaintiff's subsequent filings in this appeal, including the briefs, have been submitted by counsel.

**DISCUSSION**

## I. DISCRETIONARY DISMISSALS

### A. Basic Principles

#### 1. Statutory Text

Section 581, subdivision (f) states: "The court may dismiss the complaint as to that defendant when: [¶] … [¶] (2) Except where Section 597 applies, after a demurrer to the complaint is sustained with leave to amend, the plaintiff fails to amend it within the time allowed by the court and either party moves for dismissal." Section 597 addresses the handling of certain special defenses and that exception does not apply in this case.

#### 2. Abuse of Discretion

The statutory phrase "may dismiss" unambiguously grants discretionary authority to trial courts. (*Cano v. Glover* (2006) 143 Cal.App.4th 326, 329; see *In re Marriage of Hokanson* (1998) 68 Cal.App.4th 987, 993 [well-established rule of statutory construction states "may" connotes discretionary action].) The parties agree that dismissals under subdivision (f)(2) of section 581 are discretionary and further agree that the appropriate standard of appellate review is the abuse of discretion standard. These points of agreement are based on a correct interpretation of the law.[3] Consequently, we apply the abuse of discretion standard to the trial court's order dismissing the action.

"The abuse of discretion standard affords considerable deference to the trial court, provided that the court acted in accordance with the governing rules of law." (*New*

---

[3] In contrast, we disapprove of the statement—quoted by Employer—that section 581, "subdivision (f)(2) gives the defendant *the right to obtain* a court order dismissing the action .…" (*Parsons v. Umansky* (1994) 28 Cal.App.4th 867, 870, italics added.) Dismissal is committed to the trial court's discretion and, therefore, is not obtained as a matter of right. (Cf. *Smith v. Ogbuehi* (2019) 38 Cal.App.5th 453, 468 ["neither the California Constitution nor Penal Code section 2601, subdivision (d) have been interpreted to require the appointment of counsel for indigent plaintiff litigants *as a matter of right*;" instead, appointment of counsel is committed to trial court's discretion].)

*Albertsons, Inc. v. Superior Court* (2008) 168 Cal.App.4th 1403, 1422 (*Albertsons*).)

"An abuse of discretion occurs if, in light of the applicable law and considering all of the relevant circumstances, the court's decision exceeds the bounds of reason and results in a miscarriage of justice." (*Ibid.*)

B.      Contentions of the Parties

1.      *Plaintiff's Contentions*

Plaintiff contends the trial court abused its discretion when it granted Employer's ex parte application for an order dismissing his complaint with prejudice. Plaintiff asserts (1) he was actively seeking counsel to represent him; (2) he informed the court of his search for counsel; (3) the complaint could have been amended to clarify the allegations and set forth facts sufficient to state a cause of action; (4) there was no adjudication of the merits of his claims; (5) he advised the court and opposing party that he was going to be out of the country at a conference; and (6) in response to his statements of unavailability, the court set the next case management conference for June 27, 2018, rather than June 6, 2018. Plaintiff also refers to the contents of the court's minute order from the April 23, 2018 hearing, which stated:

> "The Court orders as follows:
>
> "Cause continued to 06/27/18 at 8:15 a.m. in Department 10
>
> "Reason for next appearance: Plaintiff to file amended complaint and to seek legal advice."

Based on the foregoing circumstances, plaintiff asserts the issue presented on appeal is "whether the court abused [its] discretion in granting an ex parte application to dismiss against an *in pro per* party who was out of the country and who had been told prior to leaving the country that the matter would be continued until his return and that he had until that time 'to file amended complaint and seek legal advice.'" (Fn. omitted.) The footnote omitted from this quote acknowledges that self-represented parties are not

9.

afforded extraordinary lenience, but asserts plaintiff's self-represented status is relevant "because the court and opposing counsel knew he would be out of the country and the court advised it would accommodate his schedule."

### 2.    Employer's Contentions

Employer argues the trial court did not act so arbitrarily and beyond the bounds of reason that its discretionary dismissal should be disturbed by this court. Employer asserts the trial court's March 2018 ruling on the demurrer gave plaintiff 20 days to amend his complaint and, "on April 23, 2018, as [plaintiff] had still not filed an amended complaint and claimed that he was still trying to obtain counsel, the trial court continued its Case Management Conference and granted Appellant additional time to amend his complaint. [Citation.] Despite the May 18, 2018 deadline, [plaintiff] still failed to file an amended complaint. [Citation.] As a result, Respondents were well within their rights to file an *ex parte* application to dismiss [plaintiff's] complaint with prejudice pursuant to Code of Civil Procedure section 581(f)(2) and California Rules of Court, rule 3.120(h) [*sic*] and the trial court acted well within its statutory discretion by granting the application."[4]

Employer contends plaintiff failed to demonstrate he was actively seeking counsel or taking any affirmative steps to correct the deficiencies in this complaint. Employer contends that, instead, plaintiff acknowledged that he was out of the country when the action was dismissed, which demonstrates "he was not actively taking steps at the time his action was dismissed to secure counsel and correct the deficiencies in his complaint."

---

[4]    California Rules of Court, rule 3.1320(h) provides: "A motion to dismiss the entire action and for entry of judgment after expiration of the time to amend following the sustaining of a demurrer may be made by ex parte application to the court under Code of Civil Procedure section 581(f)(2)." California Rules of Court, rules 3.1200 through 3.1207 govern ex parte applications. Subsequent references to a numbered "Rule" are to the California Rules of Court.

C.    Communicating with Self-Represented Litigants

The question of whether a trial court abused its discretion in dismissing a plaintiff's action requires the appellate court to consider all of the relevant circumstances in light of the applicable law.  (*Albertsons*, *supra*, 168 Cal.App.4th at p. 1422.)  Here, one of the relevant circumstances is that plaintiff was representing himself.  Accordingly, we examine some of the legal principles that apply to a trial court's handling of a case involving a self-represented litigant.  The legal principles balance the sometime conflicting public interests in (1) a judiciary that acts with independence, integrity and impartiality and (2) a judicial system that provides citizens with meaningful access to justice.

1.    *A Judge's Responsibilities*

The first three canons of the California Code of Judicial Ethics state that a judge shall (1) "uphold the integrity and independence of the judiciary;" (2) "avoid impropriety and the appearance of impropriety" in all activities; and (3) "perform the duties of judicial office impartially, competently, and diligently."  Impartiality means the absence of bias or prejudice in favor of, or against, particular parties or classes of parties and the maintenance of an open mind in considering the issues presented.

Restated in general terms, the Code of Judicial Ethics "requires judges to treat all litigants fairly."  (Rothman, et al., California Judicial Conduct Handbook (4th ed. 2017) § 2:28, p. 96 (*Handbook*).)  The responsibility of treating litigants fairly is explained in Canon 3(B)(8) of the Code of Judicial Ethics, which provides in full:  "A judge shall dispose of all judicial matters fairly, promptly, and efficiently.  A judge shall manage the courtroom in a manner that provides all litigants the opportunity to have their matters fairly adjudicated in accordance with the law."  The advisory comment to this provision recognizes that promptness and efficiency sometimes conflicts with fairness, stating: "The obligation of a judge to dispose of matters promptly and efficiently must not take precedence over the judge's obligation to dispose of the matters fairly and with patience.

11.

For example, when a litigant is self-represented, a judge has the discretion to take reasonable steps, appropriate under the circumstances and consistent with the law and the canons, to enable the litigant to be heard." (Cal. Code Jud. Ethics, Advisory Com. commentary foll. Cannon 3(B)(8).)

This appeal, which addresses whether discretion was abused, requires us to examine the discretion associated with the requirement that all litigants be treated fairly. In accordance with the commentary to Canon 3(B)(8) of the Code of Judicial Ethics, we conclude this discretion includes "the discretion to take reasonable steps, appropriate under the circumstances and consistent with the law and the canons, to enable the [self-represented] litigant to be heard." This particular discretionary authority informs our analysis of whether the trial court abused its discretion when it dismissed plaintiff's action pursuant to subdivision (f)(2) of section 581.

2.     *Access to Justice: General Principles*

Access to justice is a broad concept that provides the foundation for a discussion of what constitutes "fair" treatment of a civil litigant. "Access to justice is a fundamental and essential right in a democratic society. It is the responsibility of government to ensure that all people enjoy this right."[5] The United States Supreme Court has "grounded the right of access to courts in the Article IV Privileges and Immunities Clause [citations], the First Amendment Petition Clause [citations], the Fifth Amendment Due Process Clause [citations], and the Fourteenth Amendment Equal Protection [citation] and Due Process Clauses [citations]." (*Christopher v. Harbury* (2002) 536 U.S. 403, 415, fn. 12.) At the state level, the right of access to courts arises from the right to "petition the government for redress of grievances" contained in article I, section 3, subdivision (a) of the California Constitution. (*Jersey v. John Muir Medical Center*

---

[5]     California Commission on Access to Justice, *The Path To Equal Justice: A Five–Year Status Report on Access to Justice in California* (October 2002) Finding A, page 36.

12.

(2002) 97 Cal.App.4th 814, 821.)  Thus, access to courts is "a right guaranteed to all persons by the federal and state Constitutions." (*Jersey*, *supra*, at p. 821.)  Recognizing the fundamental nature of the right, the California Rules of Court state:  "Providing access to justice for self-represented litigants is a priority for California courts."  (Rule 10.960(b) [effective Jan. 1, 2008].)

California decisional law has generated many principles in response to the question of what judges should do to treat self-represented litigants fairly while maintaining their impartiality.  For example, judges are not required to act as counsel for a self-represented party.  (*Taylor v. Bell* (1971) 21 Cal.App.3d 1002, 1008.)  Indeed, judges must not assume the role of advocate for any litigant.  (*Handbook*, *supra*, § 2:20, pp. 87–88.)  Thus, as a general principle, a self-represented litigant who is not indigent "must expect and receive the same treatment as if represented by an attorney—no different, no better, no worse." (*Taylor*, *supra*, at p. 1009.)  This principle was restated by our Supreme Court:  "[W]e make clear that mere self-representation is not a ground for exceptionally lenient treatment.  Except when a particular rule provides otherwise, the rules of civil procedure must apply equally to parties represented by counsel and those who forgo attorney representation." (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985.)[6]

### 3. Equal Treatment in Communicating with Litigants

The foregoing general principles regarding the treatment of self-represented litigants establish the context for the specific principles that address proper

---

[6]     We note the court used "exceptionally" rather that "any" to modify "lenient treatment."  Further, the principle that litigants are to be treated "equally" does not end the inquiry.  Where the litigants are not alike, further questions are raised about what constitutes "equal" treatment of the dissimilar litigants in a given situation.  (Cf. Westen, *The Empty Idea of Equality* (1982) 95 Harv. L.Rev. 537 with Chemerinsky, *In Defense of Equality: A Reply to Professor Westen* (1983) 81 Mich. L.Rev. 575; D'Amato, *Is Equality a Totally Empty Idea?* (1983) 81 Mich. L.Rev. 600; Greenawalt, *How Empty is the Idea of Equality?* (1983) 83 Colum. L.Rev. 1167.)

communication with self-represented litigants. The *Handbook* sets forth these specific

principles as follows:

> "Duty to ensure clear and understandable communications concerning
> proceedings. The lack of knowledge of the legal system by self-represented
> persons makes it necessary for judges to ensure clear and understandable
> communications, including, among other things, that: (1) the self-
> represented litigant is not misled by the court, court staff, or opposing
> counsel in communication that takes place before the court and (2) verbal
> instructions, orders, and notices given by the court and staff to
> unrepresented parties are in clear and understandable language for lay
> persons, avoiding, when possible, legal jargon." (*Handbook*, *supra*, § 2:28,
> p. 99.)

The authors derived these principles from *Gamet*, a case in which the Fourth

District characterized the dismissal of the self-represented litigant's action as a manifest

miscarriage of justice and concluded the denial of the plaintiff's motion to vacate that

judgment was an abuse of discretion. (*Gamet*, *supra*, 91 Cal.App.4th at p. 1285.)

Consequently, the court reversed the denial of the plaintiff's motion to set aside the

dismissal of her action. (*Id*. at p. 1287.)

In *Gamet*, the court acknowledged self-represented litigants are not entitled to

special exemptions from procedural rules and stated "[t]hey are, however, entitled to

treatment equal to that of a represented party." (*Gamet*, *supra*, 91 Cal.App.4th at p.

1284.) The court explained what equal treatment entailed by stating:

> "Trial judges must acknowledge that [pro per] litigants often do not have an
> attorney's level of knowledge about the legal system and are more prone to
> misunderstanding the court's requirements. When all parties are
> represented, the judge can depend on the adversary system to keep
> everyone on the straight and narrow. When one party is represented and
> the other is not, the lawyer, in his or her own client's interests, does not
> wish to educate the [pro per]. The judge should monitor to ensure the [pro
> per] is not inadvertently misled, either by the represented party or by the
> court. While attorneys and judges commonly speak (and often write) in
> legal shorthand, when [a pro per] is involved, special care should be used to
> make sure that verbal instructions given in court and written notices are
> clear and understandable by a layperson. This is the essence of equal and

fair treatment, and it is not only important to serve the ends of justice, but to maintain public confidence in the judicial system." (*Ibid*.)

The court further stated that a judge should "make sure any communication from the court is clear and understandable, and does not require translation into normal-speak." (*Gamet*, *supra*, 91 Cal.App.4th at p. 1285.) The court recognized self-represented litigants may be prone to misunderstanding court requirements and orders and, as a result, the careless use of legal shorthand or jargon may have the effect of misleading a self-represented litigant. (*Ibid*.) In *Gamet*, the plaintiff received information from the trial court that was "plainly inaccurate" and the confusing nature of the various orders and communications the plaintiff received had the effect of misleading the plaintiff. (*Id*. at pp. 1283–1285.)

### 4. *Application of Principles Governing Communications*

In this case, we consider whether the court adhered to the principles governing communication with self-represented litigants—that is, whether "the court acted in accordance with the governing rules of law." (*Albertsons*, *supra*, 168 Cal.App.4th at p. 1422.) If the court abused its discretion by failing to adhere to these principles, we further consider whether a miscarriage of justice occurred—that is, whether the abuse of discretion was *prejudicial*. (See *Gamet*, *supra*, 91 Cal.App.4th at p. 1285 [manifest miscarriage of justice].)

As explained below, we conclude the trial court's communications with plaintiff at the April 23, 2018 case management conference were not clear and understandable as to plaintiff's deadline for filing an amended complaint. The failure to clearly address the timing issue misled plaintiff and was a substantial factor in causing the dismissal of his action. Consequently, the trial court prejudicially abused its discretion in dismissing the action and entering judgment in favor of Employer.

During the April 23, 2018 case management conference, the trial court twice asked plaintiff about the status of an amended complaint. In response to the second inquiry,

plaintiff said: "Your Honor, in seeking counsel, I'm in the process of doing that." The court then asked defense counsel if she had anything to add and was told: "We're wondering if we should either push this statement [*sic*] conference out or if we should move to dismiss. We're just wondering what the Court would prefer to do in terms of waiting for the amended complaint." The court replied: "My plan today is to push out the case management conference. I'm looking at maybe 45 days out, to June 6th, if that[] works on everybody's calendar." Plaintiff stated he was going to be at a conference out of the country and asked "if the Court could provide for three more weeks after that." The parties agreed on June 27th and the court stated: "So we'll continue this out to June 27th, 2018. That will be at 8:15 a.m. back here in Department 10."

We consider whether the court's discussion with the parties misled plaintiff into thinking that the time for him to file an amended complaint had been pushed out to the date of the next case management conference. In that discussion, neither the court nor defense counsel explicitly identified when the deadline was, how it would be calculated, or what effect, if any, the setting of the date for the case management conference had on the deadline. The alternate courses of action identified by defense counsel were (1) push the management conference out or (2) move to dismiss. The court's response stated its "plan today is to push the case management conference." The meaning of this exchange is far from clear. A layperson could reasonably interpret the court's response to mean the court had rejected the alternative of a motion to dismiss and, instead, intended the deadline for filing an amended complaint to be the date set for the next conference, June 27, 2018.

Furthermore, the discussion after this exchange did not clarify the timeframe in which the amended complaint had to be filed. Defense counsel asked: "When should we expect an amended complaint at this point?" This question suggests the deadline is uncertain. It leaves open the possibility that the amended complaint was due before the next conference, was due on the day of the next conference, or the deadline would be

16.

reassessed at the next conference if the complaint had not been filed by then.  The ambiguity was not clarified by the court when it stated:  "I asked twice and I didn't get an answer, so I'm not sure."[7]  This statement leaves open the same three possibilities as defense counsel's question.  The court then stated:  "I'll let—[Defense counsel,] you do what you need to do in case the amended complaint is not filed.  [¶]  Mr. Nuno, the responsibility is on you to get that filed."  This message to defense counsel, while plain enough to an experienced attorney, is not clear and understandable to a layperson and the court did not translate its meaning "into normal-speak."  (*Gamet, supra*, 91 Cal.App.4th at p. 1285.)  Instead, the court remained silent on the subject of the deadline for filing the amended complaint.  The uncertainty about the deadline could have clarified matters by the court simply adding the prepositional phrase "by May 18, 2018" to its statement that "the responsibility is on you to get that filed."  A more expansive clarification about the deadline and the consequences associated with it could have been provided by stating:  "Based on the service of notice of entry of the order on the demurrer, the amended complaint must be filed by May 18, 2018, and, if that deadline is missed, defendants can move to dismiss for failure to amend within the time granted."  Instead, the deadline was not stated in clear, understandable language and plaintiff was left believing the lawsuit would continue to go forward at least until the June 27, 2018, case management conference.

The ambiguity of the oral discussion was not clarified by the minute order prepared after the case management conference.  It stated "[c]ause continued to 6/27/18 at 8:15 a.m. in Department 10" and also stated the reason for the next appearance was "Plaintiff to file amended complaint and to seek legal advice."  This language does not

---

[7]     The obvious implication of plaintiff's response that he was trying to retain counsel is that he could not predict when that would happen and, furthermore, could not predict how long it would take the, yet to be identified, lawyer to draft and file an amended complaint.

inform a layperson (1) that there was a deadline for filing the amended complaint that would expire before the case management conference or (2) of the possibility the lawsuit would be dismissed if the deadline was not met.

In summary, the statements made by the court at the case management conference lulled plaintiff into a false sense of security about the deadline for filing the complaint. Having failed to provide oral instructions that were clear and understandable by a layperson in accordance with the principles set forth in *Gamet*, the trial court abused its discretion when it subsequently dismissed the action with prejudice while the self-represented plaintiff was out of the country attending an education conference.

## DISPOSITION

The judgment is reversed. The trial court is directed to vacate its order dismissing the action with prejudice and to enter a new order denying the application for an order of dismissal and granting plaintiff leave to file an amended complaint within 14 calendar days of the order. Plaintiff shall recover his costs on appeal.

                                            FRANSON, J.

WE CONCUR:


LEVY, ACTING P.J.


PEÑA, J.

18.