Filed 8/23/22 Mejia v. San Francisco Assessor Recorder CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| JOSE MEJIA,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>SAN FRANCISCO ASSESSOR RECORDER,<br><br>        Defendant and Respondent. | A164132<br><br>(San Francisco City & County Super. Ct. No. CPF-21-517388) |

After petitioner Jose Mejia defaulted on a loan secured by a deed of trust on real property on Meda Avenue in San Francisco, the property was sold at a trustee's sale. Mejia later submitted a form to the San Francisco Assessor Recorder purporting to transfer his lender's interest in the property to himself. The trial court denied Mejia's petition for a writ of administrative mandamus directing the recorder's office to accept the form for filing, and Mejia appeals in propria persona. We affirm.

## BACKGROUND

In 2013, petitioner Jose Mejia and his wife Cindy Mejia mortgaged real property on Meda Avenue in San Francisco, borrowing $326,700 from JPMorgan Chase Bank, NA (Chase). Two additional loans were later secured by the Meda Avenue property, including a $106,000 loan made by Bank of America, N.A., secured by a deed of trust recorded on May 19, 2016.

1

On January 22, 2019, a notice of default was recorded on the Meda Avenue property because the $106,000 loan was in default.

On April 25, a notice of trustee sale was recorded, and on May 23, the property was sold at a trustee sale. On June 12, a trustee's deed was recorded indicating that Paper Atlas had acquired the property and the unpaid debt on loans secured by the property.

On September 12, Mejia submitted a "Change of Ownership Statement" on Form BOE-502 to the San Francisco Assessor Recorder's Office requesting a transfer to "Jose Mejia sole owner, correction due to slander of title by Paper Atlas."

On April 17, 2020, a deed of reconveyance was recorded acknowledging the payment of the Chase mortgage and indicating Chase no longer held a security interest in the property.

On January 19, 2021, Mejia attempted to record a grant deed with the San Francisco Assessor Recorder's Office seeking to transfer JP Morgan Chase's interest in the property to himself. That recording was rejected because the legal description of the property, the grantor's signature, and notarization of the grantor's signature were all missing.

On March 4, Mejia filed a petition for writ of administrative mandamus in San Francisco Superior Court, and on August 28, an amended petition. The petition sought a writ of mandate, pursuant to Code of Civil Procedure 1094.5, directing the recorder's office to "accept and file" a "Change of Ownership Statement" on Form BOE-502, attached as an exhibit to the petition. The form, dated March 3, purported to transfer Chase's interest in the property to Mejia. Under "Type of Transfer," the box "Other" was checked, followed by the text "Trustee has been paid."

On November 12, the trial court sustained the San Francisco Assessor Recorder's demurrer to the amended petition:

"Respondent San Francisco Assessor Recorder's demurrer to petitioner Jose Mejia's 'ammended [*sic*] petition for writ of adminisdtrative [*sic*] mandamus' is sustained on each of its three grounds. First, the petition is unverified and thus procedurally defective. Second, a writ of administrative mandamus addresses a 'final administrative order or decision made as a result of a proceeding in which by law' a hearing is held, evidence taken and facts determined. ([Code Civ. Proc., §] 1094.5[, subd.] (a).) The filing and recording of title documents is not such an order or decision, so the petition fails to state a cognizable claim. Third, petitioner fails to plead that he had an ownership interest in 48 Meda Avenue, San Francisco, when the Chase loan secured by that property was paid off. The petition thus again fails to state a claim. Respondent points out that petitioner has a pending federal suit against Chase in the Northern District of California that regards 48 Meda: No. 21-CV-01351-HSG. I thus exercise my inherent power to stay petitioner's writ proceeding in this court pending resolution of the federal suit.[1] (*OTO, L.L.C. v. Kho* (2019) 8 Cal.5th 111, 141.)"

Mejia filed a notice of appeal.

## DISCUSSION

Mejia has chosen to represent himself on appeal, as is his right. In doing so, however, he is still held to the same standard as an attorney. (See

[1] Mejia filed a diversity action in federal court alleging breach of contract and negligence claims against Chase arising from the financing and sale of the property. The district court dismissed the action for failure to state a claim and the Ninth Circuit Court of Appeals affirmed. (See *Mejia v. JPMorgan Chase Bank, N.A.* (9th Cir. Apr. 19, 2022, No. 21-16550) 2022 WL 1154762 [nonpub. opn.].)

3

*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985; *Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638–639; *Taylor v. Bell* (1971) 21 Cal.App.3d 1002, 1009.)  Self-representation is not a ground for lenient treatment, and "as is the case with attorneys, pro. per. litigants must follow correct rules of procedure." (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247.)  In sum, Mejia " 'is entitled . . . [to] no greater consideration than other litigants and attorneys [citations], [but] is held to the same restrictive rules of procedure as an attorney [citation].' " (*County of Orange v. Smith* (2005) 132 Cal.App.4th 1434, 1444.)

In addition, as an appellant it is Mejia's "responsibility to affirmatively demonstrate error," and he must show such error "by citation to the record and any supporting authority.  In other words, review is limited to issues which have been adequately raised and briefed." (*Lewis v. County of Sacramento* (2001) 93 Cal.App.4th 107, 116; see Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2021) ¶ 8:17.1 ["When appellant asserts a point but fails to support it with reasoned argument and citations to authority, the court may treat it as *waived* and pass it without consideration"].)  Specifically, "Each brief must: [¶] . . . State each point under a separate heading or subheading summarizing the point, and support each point by argument and, if possible, by citation of authority." (Cal Rules of Court, rule 8.204(a)(1)(B).)  And "[a]n appellant's opening brief must: [¶] . . . (C) Provide a summary of the significant facts limited to matters in the record." (Cal Rules of Court, rule 8.204(a)(2)(C).)

Mejia has filed a 9-page opening brief, including a cover page, a table of contents, and a two-page proof of service.  The remaining five pages consist of a very brief statement of the case, a three page "Table of Authorities," setting

4

forth in full certain sections of the Code of Civil Procedure, as well as part of the instructions for form BOE-502, and the following:

"STATEMENT OF FACTS

"Chase Bank issued the Petitioner an Instrument of Title (Gov Code 27381)(Gov Code 27279) after having satisfied his mortgage loan.

"San Francisco Assessor Recorder accepted and recorded the Title Instrument. (IAA9)

"As required by the State of California, Petitioner submitted form BOE-502, Pertinent under Instructions for Part 1 letter I, to the San Francisco Assessor Recorder. (IAA30)

"CONCLUSION

"Petitioner submits to the Appellate Court the call for the San Francisco Assessor Recorder as recipient to a Writ of Mandate to accept for filing form BOE-502 which would complete the recordation of the transfer of beneficial interest from the Trustee(Chase) to the Trustor(Jose Mejia)."

Under the principles set forth above, Mejia's opening brief is inadequate. To begin with, it does not provide a summary of the significant facts. For example, it does not even mention the Bank of America loan on the property, the default on that loan, the 2019 trustee's sale, or the 2020 deed of reconveyance—creating the misleading impression that Mejia is requesting that the recorder's office perform a ministerial duty rather than attempting to recover title to the property after losing it in foreclosure. Furthermore, as noted, the trial court sustained the demurrer on three separate grounds: that the petition was unverified and thus procedurally defective; that a writ of administrative mandamus cannot address filing and recording of title documents because no hearing was held, evidence taken, or facts determined under Code of Civil Procedure 1094.5; and that he failed to plead that he had

5

any ownership interest in the property at the time the Chase loan was paid off. Mejia's brief does not even describe any of these grounds for the trial court's decision, much less offer any argument or citation to authority showing why the trial court's reliance on them was in error. In short, Mejia has failed to adequately brief the issues, and he has not carried his burden to affirmatively demonstrate error.

## DISPOSITION

The judgment is affirmed.

                                       _____

                                       Richman, Acting P. J.

We concur:


_____
Miller, J.


_____
Mayfield, J. *


*Mejia v. San Francisco Assessor Recorder* (A164132)

     *Superior Court of Mendocino County, Judge Cindee Mayfield, sitting as assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7